# Reyes v. Wagner

*Jose Rene Reyes,* pro se.
*Thomas E. Brenner,* for defendant Dr. Drue Wagner.

*Matthew J. Connell,* for defendants George Wagner and Corrections Officer Gordon.

*Stephen J. Bruderle* and *James Prahler,* for defendant Kirsch.

SCHMEHL, J.L., *P.J.,* October 3, 2008—At issue is an appeal by the plaintiff, Mr. Reyes, acting pro se, ostensibly regarding the dismissal of his case, on January 30, 2008. Plaintiff filed his notice of appeal on February 22, 2008. On February 28, 2008, this court issued an order directing plaintiff to file a concise statement of errors complained of on appeal no later than 21 days following the date of that order.[1] On March 24, 2008, Mr. Reyes filed his concise statement. Though it was dated March 18,[2] it was not filed until six days later.[3] As we will address below, this flaw is fatal to the instant appeal. First and foremost, a recitation of the perplexing facts of this case is necessary for a complete understanding of the issues involved.

In August of 2007, plaintiff initiated this action by filing a civil action complaint claiming a violation of

---

1. Pursuant to Pa.R.A.P. 1925(b).

2. And therefore dated within 21 days of this court's 1925(b) order.

3. And it is absolutely clear from the statute and the case law that the rule is that it must be filed within 21 days, not merely dated or drafted within 21 days. It should also be noted that the six-day difference between the date on the document, and the date filed, is unique in this case. The greatest discrepancy on any other document filed by plaintiff between the date on the document, and the date filed has been three days. This court found the sudden six-day discrepancy to be very odd, especially considering March 18 fell on a Tuesday, as opposed to a holiday, or a Friday before the weekend. This court found the unexplained delay to be extremely odd, and highly suspect, to say the least.

his civil rights under 42 U.S.C. §1983. The crux of plaintiff's claim is that he was denied medical care while he was an inmate in the Berks County Prison in Berks County, Pennsylvania. Defendants filed preliminary objections to plaintiff's complaint, arguing, inter alia, that plaintiff's complaint failed to state a cause of action upon which relief could be granted. Based upon a thorough review of the record, and the law cited by all sides, this court sustained the preliminary objections of defendants, and dismissed plaintiff's case via order dated January 30, 2008. This appeal followed. However, for reasons that are unknown and unascertainable to this court, plaintiff filed an identical action in August 2007, with a claim that is a verbatim copy of the one in this case.[4]

In essence, this case is a mirror case of the first case he filed. The only discernible difference is the docket number. This is where the facts become murky. In the 8562 case, this court also sustained the preliminary objections of defendants, and dismissed plaintiff's case in its entirety by order dated January 30, 2008. Defendants' preliminary objections and supporting documents were, of course, identical to those in this case. Following that order, which dismissed the case, plaintiff filed a plaintiff motion objecting defendant Drue Wagner praecipe for entry of judgment of non pros pursuant to Pa.R.C.P. 1042.6 on February 15, 2008. On February 21, 2008, plaintiff filed another motion, this one opposing the objections of defendants, which had been

---

4. That case is docketed at 07-8562, *Reyes v. Wagner*. The parties, claims, legal issues, reasoning, dates, events, etc., are all identical to the claims in this case.

granted three weeks prior. On the following day, February 22, 2008, plaintiff filed his notice of appeal in the 8800 case. On February 25, 2008, this court issued an order denying plaintiff's motions, reminding plaintiff that the case was dismissed, and informing plaintiff that this court would accept no further documents in the 8562 case unless they were appellate in nature. On February 28, 2008, this court issued an order directing plaintiff to file his concise statement in the 8800 case. On March 5, 2008, plaintiff filed a notice of appeal in the 8562 case.[5] Plaintiff has filed subsequent documents in each case. However, as these other documents are not appellate in nature, they are in violation of this court's February 25, 2008 order, and do not merit mention here.

Though the facts of this case are complex and confusing, plaintiff's procedural errors, which may well have arisen as a result of his attempted legal chicanery, make this a very simple case to decide. As recently as last July, the Superior Court has held that failure to file a timely concise statement is a fatal flaw. "If [a] trial court directs the filing of a concise statement of the matters complained of on appeal, a failure to comply with such direction results in waiver of *all* objections to the order, ruling, or other matter complained of. . . . Issues which are not set forth in the appellant's [concise] statement of matters complained of on appeal are also deemed

5. This of course is an invalid notice of appeal as it was filed well after 30 days had passed. Even the date plaintiff wrote on the notice of appeal was far more than 30 days past the date of the order dismissing the case. Thus, the notice of appeal does not conform to Pa.R.C.P. 903. Therefore, any appeal filed before the Superior Court relating to the 8562 case must be dismissed.

waived for purposes of appeal." *Commonwealth v. Giese,* 928 A.2d 1080, 1082 (Pa. Super. 2007). (citations omitted) (emphasis added) In this case, the issue waived is the dismissal of the plaintiff's complaint. The inability to continue an appeal on this issue, and any related issues, effectively ends the case. Essentially, plaintiff has provided this court with nothing to argue against, and nothing requiring further explanation of its decision. As with other cases where no concise statement is filed, the only possible option available to this court in rendering its opinion was to address the fact that there is no basis for this court to issue any opinion. Plaintiff's failure to file the concise statement, as required under the Rules of Appellate Procedure, equates to a withdrawal of his appeal.

Additionally, if plaintiff needed additional time to craft his concise statement, avenues for doing so were certainly available, and plaintiff has repeatedly demonstrated that he is quite familiar with legal filing procedures and rules, even when he selectively chooses not to follow them. The Superior Court has unmistakably stressed the importance of timely filing 1925(b) concise statements. In a case where an appellant filed an untimely concise statement, the Superior Court noted that the Supreme Court determined that issues which are raised in an untimely 1925(b) statement will be deemed waived even if the trial court addresses the issues in its opinion. *Commonwealth v. Woods,* 909 A.2d 372, 377 (Pa. Super. 2006) (citing *Commonwealth v. Castillo,* 585 Pa. 395, 888 A.2d 775 (2005)). *Castillo* sets the standard, but *Woods* goes further in noting specifically what could be done in a situation where a

concise statement cannot be filed within the prescribed period. Specifically, the Superior Court noted that an appellant must petition the trial court within the period prescribed by section 1925(b)[6] and "set forth good cause for an extension of a specific amount of time in which to file the statement, *and* obtain an order granting the request for the extension *before* the issues raised in an untimely 1925(b) statement will be preserved for appeal to [the Superior Court]." See *id.* at 378. (emphasis added) By failing to timely file his concise statement and further failing to file a request for an extension of time, plaintiff has waived all issues raised in his concise statement, and they cannot be considered by the Commonwealth Court.[7]

Even if he had not waived these issues, plaintiff has no case on the merits. Essentially, plaintiff is claiming that sometime in December, 2005, he had a series of terrible headaches, that prison medical staff treated with Motrin, and later something called Midrin, which they claimed was stronger and would likely be more effective. The Midrin failed to cure the headaches, and they

---

6. It must be noted that since *Woods* was decided, the statutory filing period was increased from 14 days to 21 days. However, this difference has no bearing on the impact, effect, or precedential value of the *Woods* opinion. The *Woods* opinion remains good law, and the essential reasoning behind the decision is completely unaffected by the change in filing times.

7. It is noteworthy that failure to comply with the requirements of 1925(b) does not invite consideration by the Commonwealth Court. It is a bright line rule, and failure to timely file an appropriate 1925(b) statement results in an automatic waiver of the issues. See generally, *Commonwealth v. Butler,* 571 Pa. 441, 812 A.2d 631 (2002); *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998); *Commonwealth v. Castillo, supra.*

increased in frequency and intensity. Every time he complained, he was seen by medical staff, who examined him and could not, apparently, find anything wrong with him that would cause headaches. Eventually, he had to be hospitalized with what turned out to be a serious stomach ulcer, though he consistently reported headaches although he suffered some gastrointestinal issues as well.[8] He was treated at the hospital for serious ulcers, and eventually released. He visited the hospital on at least one other occasion for minor treatment, and was released. Upon his return, he complained about dirty prison conditions as he was recovering. He is now on medication to treat his symptoms, which are now under control.

These facts, even assuming them to be true, as this court did in considering this case, are wholly insufficient to create an actionable section 1983 claim. It appears he had a series of headaches, which prison medical staff treated each time. After approximately two weeks, in the middle of January, 2006, his continuing headaches increased in severity. As a result, prison medical staff changed and increased his medication. When his medical condition began to deteriorate, they immediately recognized the emergency and reacted swiftly in getting plaintiff to a hospital, where he was promptly and properly treated. Thus, every time plaintiff complained about his condition, he was immediately treated. He was never, at any point, denied medical treatment for any reason. As his condition worsened, the level of care and strength of treatment were ad-

8. It is not clear from his complaint whether plaintiff reported these gastrointestinal problems, and if he did, to what extent he did so.

justed to help alleviate his headaches. When his condition suddenly deteriorated, he was hospitalized, diagnosed, treated, and released. Plaintiff is now in good health with the apparent aid of various medications. Nothing about his medical care gives rise to a section 1983 violation. As far as dirty and unpleasant conditions, nothing plaintiff presented supported his contentions, and even if the conditions were dirty, this fact alone fails to support his section 1983 claim. When carefully examined, nothing presented by plaintiff warrants any legal remedy, particularly a remedy for a section 1983 violation.

There simply appears to be no reason for plaintiff to file two identical suits. Plaintiff likely pursued this tactic to provide himself with the ultimate contingency plan. If his motions, complaint, etc. failed procedurally or substantively in the first case, he could easily change the docket number or the flawed argument and file it just in time in the second case. A perfect example of this is that in the 8562 case, plaintiff filed additional motions and documents after dismissal of the case, delaying himself in filing a notice of appeal, which, when filed, was several weeks late. Undeterred, plaintiff scaled back his filing practices in the 8800 case and was sure to (barely) file a timely notice of appeal, avoiding the mistakes he made in the 8562 case. Plaintiff principally treated the 8562 case as a virtual practice case, throwing legal issues and documents at the wall, seeing what would stick, and saving the crème de la crème for the 8800 case. Such a strategy is a legal abomination, and has no place in any court of this Commonwealth.

Lamentably, plaintiff's disingenuousness does not cease with his abuse of the court system. Plaintiff has, on no fewer than 10 occasions, directly ignored this court's order to refrain from filing any documents that are not appellate in nature.[9] In fact, he continues to ignore it to this day. Additionally, plaintiff's claims occasionally appear far-fetched and contradictory. For example, while plaintiff vividly remembers specific dates, times, names, statements, weather conditions, sanitary conditions of rooms and people, remarks made while under the influence of medications, the cleanliness of walls, the condition of automobiles he was transported in, names of medications, names of medical conditions and everything else related to the alleged medical negligence of prison medical personnel, he has, to date, been unable to name the female doctor who spoke to him, treated him at length, and committed the alleged acts of medical malpractice. This strains credulity. When viewed as a whole, in conjunction with his other actions, this court simply finds plaintiff's claims unsatisfactory and difficult to believe at best.

In the end, plaintiff's appeal must be dismissed because he has waived all issues through his failure to file

---

9. The language of the order was not ambiguous, and this court would be hard-pressed to believe that plaintiff had trouble understanding its language. In pertinent part, the order read as follows:

"Civil case number 07-8800 has been dismissed in its entirety by order of this court dated January 30, 2008. No arguments or hearings will be heard in this case.

"All parties to case no. 07-8800 are hereby ordered to refrain from filing any documents, other than documents related to appeals of that case, with this court.

"The only documents this court will entertain are those related to plaintiff's appeal of the January 30, 2008 order."

a timely and proper 1925(b) statement. Additionally, nothing plaintiff has presented, argued or filed supports his claim or allows for recovery. In order for a plaintiff to prevail in an Eighth Amendment cruel and unusual punishment claim, let alone a section 1983 claim, based on substandard medical treatment, he must demonstrate that the prison staff acted with deliberate indifference to his medical needs. *Helling v. McKinney,* 509 U.S. 25, 29-30 (1993) (citing *Estelle v. Gamble,* 429 U.S. 97 (1976)). Based upon his own recollection of the facts, it is clear that plaintiff was not, at any time, treated with deliberate indifference in relation to his medical issues. The United States Supreme Court further upheld the *Estelle* standard in holding that accidental or inadvertent failure to provide adequate medical care to a prisoner [does] not violate the Eighth Amendment. See *Helling, supra* at 31. (citations omitted) If any shoddy or negligent treatment did in fact take place here, it is not actionable, and it is not an Eighth Amendment violation. Of course, after reading the complaint, it does not appear that there was any medical negligence present. Plaintiff was provided with treatment every time he complained of medical problems, and as the problems worsened, the treatment increased in frequency and strength. The United States District Court for the Eastern District of Pennsylvania recently defined deliberate indifference with greater certainty. To substantiate a deliberate indifference claim, a prison official *must* be shown to have *known of and disregarded an excessive risk to inmate health or safety. Chadwick v. Court of Common Pleas,* 2006 U.S. Dist. Lexis 40125 (E.D. Pa. June 15, 2006) (emphasis added) (citing *Natale v. Cam-*

*den County Correctional Facility,* 318 F.3d 575 (U.S.D. Ct. N.J. 2003)). Nothing in the record demonstrates that any prison official knew of an excessive risk and ignored it. In fact, the moment an excessive risk was at all evident, prison officials arranged for plaintiff's transport to a hospital within one hour.[10] By taking steps to ensure that proper medical care was received, prison officials are proven to have acted properly. See generally, *id.* Plaintiff has stated no cause of action upon which relief can be granted. This, coupled with his fatal procedural flaw, dooms plaintiff's appeal.

For all of the reasons stated herein, this court respectfully requests that the instant appeal be denied.

---

10. According to plaintiff's detailed complaint.