# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 1400 C.D. 2013 |
| | : | |
| 1999 Mercedes Benz | : | Submitted: July 31, 2015 |
| | : | |
| Appeal of: Mihn Ton | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                    **FILED:  November 3, 2015**

Mihn Ton appeals from the February 15, 2013 Order of the Court of Common Pleas of Philadelphia County (trial court) granting the Commonwealth of Pennsylvania's (Commonwealth) Petition for Forfeiture and Condemnation (Petition) and ordering, pursuant to Sections 6801-6802 of the Judicial Code, commonly known as the Controlled Substances Forfeiture Act[1] (Forfeiture Act), the forfeiture of a 1999 Mercedes Benz owned by Ton.  On appeal, Ton argues that the trial court erred by determining that the 1999 Mercedes Benz was subject to forfeiture because there was no evidence to support a finding that the vehicle was

---

[1] 42 Pa. C.S. §§ 6801-6802.

used to store and transport controlled substances. Because Ton did not preserve any issues for appellate review, we are constrained to affirm.

The Commonwealth filed its Petition with the trial court on May 6, 2009. Ton filed an answer, new matter, and motion for return of property, to which the Commonwealth responded. After several continuances, a hearing was held on February 15, 2013. Thereafter, the trial court entered an Order granting the Commonwealth's Petition and forfeiting the 1999 Mercedes Benz to the Commonwealth pursuant to the Forfeiture Act.[2] Upon receipt of Ton's notice of appeal of its Order,[3] the trial court, by order entered March 19, 2013, ordered Ton's counsel to file a Concise Statement of the Errors Complained of on Appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure (1925(b) Statement), Pa. R.A.P. 1925(b), no later than April 9, 2013. On June 27, 2013, the trial court filed a Statement in Lieu of Opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(a). Therein, the trial court determined that, because Ton did not file a 1925(b) Statement as ordered by the trial court, all his issues on appeal were deemed waived.

---

[2] The trial court's Order also ordered the forfeiture of $3,800.00 U.S. Currency; however, the forfeiture of the currency is not before this Court.

[3] Ton initially filed a notice of appeal with the Superior Court. By order filed May 21, 2013, the Superior Court transferred Ton's appeal to this Court pursuant to Rule 751(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 751(a) (governing the transfer of erroneously filed cases). This Court has jurisdiction over this appeal pursuant to Section 762 of the Judicial Code, 42 Pa. C.S. § 762 (providing that this Court has "exclusive jurisdiction of appeals from final orders of the courts of common pleas in . . . [a]ll civil actions or proceedings . . . [b]y the Commonwealth government").

On appeal, Ton does not address the trial court's determination that he waived all the issues on appeal,[4] but focuses only on the merits of the trial court's determination that the 1999 Mercedes Benz was subject to forfeiture. In contrast, however, the Commonwealth argues that Ton's failure to comply with the minimal requirements of Rule 1925(b) results in an automatic waiver of the issues that Ton raises in his brief to this Court. We now turn to the waiver issue.

Rule 1925(b) provides, in pertinent part, as follows:

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court**.--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Pa. R.A.P. 1925(b). Our Supreme Court has repeatedly reaffirmed the bright-line rule that "failure to comply with the minimal requirements of Pa. R.A.P. 1925(b) will result in *automatic waiver of the issues raised*." Commonwealth v. Schofield, 888 A.2d 771, 774 (Pa. 2005) (emphasis added) (citing Commonwealth v. Castillo, 888 A.2d 775, 781 (Pa. 2005); Commonwealth v. Butler, 812 A.2d 631, 633 (Pa. 2002); and Commonwealth v. Lord, 719 A.2d 306, 309 (Pa. 1998)). As further stated by our Supreme Court, an appellant's "non-compliance creates substantial problems on appeal, where the lack of filing results in the inability of the appellate

---

[4] We note that Ton's counsel, in the Statement of the Case portion of the brief in support of Ton's appeal, states that the trial court "issued an opinion explaining its sentence" and refers this Court to Exhibit A, which is the trial court's Statement in Lieu of Opinion. (Ton's Br. at 7.)

3

courts to determine which issues were presented to the trial court, and thus preserved for appeal . . . ." Schofield, 888 A.2d at 774.

Our review of the certified record reveals that the trial court was correct in its determination. On March 19, 2013, the trial court ordered Ton's counsel to file a 1925(b) Statement no later than April 9, 2013. There is no 1925(b) Statement contained in the certified record or any docket entry showing that Ton or his counsel filed of record in the trial court a 1925(b) Statement, as ordered by the trial court.[5] Accordingly, Ton has waived all issues on appeal.[6]

---

[5] We note that the trial court did not file, upon receipt of Ton's notice of appeal, a brief opinion setting forth the reasons for its Order. See Pa. R.A.P. 1925(a) (providing that "upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found"). This may have been because the reasons for its Order appear of record; however, not giving an appellant an explanation for an order and then ordering the appellant to file a 1925(b) Statement places the appellant at a disadvantage by having to speculate as to the reasons for the judge's order.

We further note that the trial court's March 19, 2013 order directing Ton's counsel to file a 1925(b) Statement does not include the statements, as required by Rule 1925(b)(3), "that the Statement shall be served on the judge pursuant to paragraph (b)(1)" and "that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived." Pa. R.A.P. 1925(b)(3)(iii), (iv). However, Ton has not raised any challenge to the content of the trial court's March 19, 2013 order or offered any argument regarding how these deficiencies prevented Ton or his counsel from timely filing a 1925(b) Statement, as ordered by the trial court.

[6] Ton argues that the trial court's Order is not supported by the record and cites to the testimony presented at the hearing as support for his argument; however, the hearing transcript is not part of the certified record and there is no indication on the docket that it was lodged in the trial court. It is well-settled that an appellate court cannot consider anything which is not part of the certified record in a case. Smith v. Smith, 637 A.2d 622, 623 (Pa. Super. 1993). "[I]t is the responsibility of the [a]ppellant to supply this Court with a *complete* record for purposes of review." Id. at 623 (emphasis in original). The "failure by an [a]ppellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review

*(Continued…)*

4

For the foregoing reasons, we are constrained to affirm the trial court's Order granting the Commonwealth's Petition.

_____
**RENÉE COHN JUBELIRER, Judge**

---

constitutes a waiver of the issues sought to be examined. <u>Id.</u> <u>See</u> <u>also</u> <u>Commonwealth v. Chopak</u>, 615 A.2d 696, 701 n.5 (1992) ("It has repeatedly been held by our courts that the burden to produce a complete record for appellate review rests *solely* with the appellant.") (Emphasis in original.) Therefore, even if Ton had preserved any issues for appellate review by timely filing a 1925(b) Statement, we would still be constrained to affirm the trial court's Order.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Commonwealth of Pennsylvania : 
                                    : 
               v. :   No. 1400 C.D. 2013
                                    : 
1999 Mercedes Benz : 
                                    : 
Appeal of: Mihn Ton : 

# O R D E R

**NOW**, November 3, 2015, the February 15, 2013 Order of the Court of Common Pleas of Philadelphia County, entered in the above-captioned matter, is **AFFIRMED**.

<br>

                                          _____

                                          **RENÉE COHN JUBELIRER, Judge**