J-S34036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSHUA WILLIAMS | |
| Appellant | No. 530 MDA 2015 |

Appeal from the Judgment of Sentence January 14, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002720-2012

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED MAY 06, 2016**

In this direct appeal, Joshua Williams challenges the sufficiency of the evidence underlying his conviction for robbery[1].  For the reasons that follow, we affirm Williams' conviction, but we vacate the judgment of sentence and remand for resentencing.

A jury found Williams guilty of robbing Michael Barna on the evening of March 3, 2012.  On January 14, 2015, the trial court sentenced Williams to 7-14 years' imprisonment.  Williams filed timely post-sentence motions to modify his sentence on the ground that the court used the wrong sentencing guideline in its sentencing calculations[2].  In an order docketed on February

---

[1] 18 Pa.C.S. § 3701(a)(1)(i).

[2] Williams asserted: "The guideline form the Commonwealth submitted for the charge of robbery included a deadly weapon enhancement, which
*(Footnote Continued Next Page)*

23, 2015, the court granted Williams' motion. The order stated: "This Court never made a determination as to whether the offender possessed a deadly weapon[,] therefore we cannot apply the Deadly Weapon Enhancement … The sentence is modified as follow[s]: 54-72 months' imprisonment." The order did not specify whether Williams' minimum term of imprisonment was 54 months, 72 months, or somewhere in between. Nor did the order specify Williams' maximum term of imprisonment.

Williams filed a timely notice of appeal. The sole issue raised in Williams' Pa.R.A.P. 1925(b) statement and appellate brief is: "Whether the evidence presented at trial was insufficient to convict [Williams] of the crime of robbery?"

The trial court's Pa.R.A.P. 1925(a) opinion accurately summarized the relevant evidence as follows:

> The victim, Michael Barna, testified at trial. In March 2012, he was living at Riverfront Apartments and had been there for about three weeks. [Barna] and a friend who lived nearby made plans for March 3, 2012, to have a drink at the friend's house and then go to a couple of bars downtown. [Barna], his friend and another man had some drinks and then went downtown [in his friend's car] to the bars. [Barna] recalls drinking two glasses of wine, a larger mixed drink and maybe something else while at his friend's house. He was intoxicated at this point, but not incapacitated. One of the friends drove to the bars downtown.

*(Footnote Continued)* ———————————

resulted in the guideline form reflecting the standard range of 72-90 months. Because [] Williams was never found guilty of using or even possessing a deadly weapon, this enhancement does not apply to the calculation of his guidelines." Williams' Post-Sentence Motion To Modify Sentence, at 2.

While at the bar, [Barna] consumed another three beers and then, following a slight argument with his friend, he left the bar. He went to another bar, had another drink and then left that bar.

At that point, [Barna] decided he needed to go home[,] so he began walking up Second Street and looking for a cab. He had walked some distance when he stopped at a gas station to purchase cigarettes. He may have noticed [Williams] in the store, but he definitely recalls seeing him outside the store while he was smoking. [When Williams] asked for a cigarette, [Barna] gave him one, and they began to chat. After discussing where they were going, and discovering that [Williams] lived near [Barna], they began to walk together towards their apartments.

As they neared [Barna]'s home, [Williams] asked if [Barna] could give him a ride to a birthday party. Recognizing that he was too drunk to drive, [Barna] said no but ultimately allowed [Williams] to drive his car. [Barna] was 'kinda going with the flow at the moment' and had no real plans other than hanging out at the birthday party. The two of them talked about some people they knew in common from Steelton while they drove and [Barna] even put [Williams'] number into his phone because they planned to play basketball at some point.

[Williams] stopped not far from the apartment and spoke to a man on the street who then asked for a ride to the gas station. They gave him a ride[.] [H]e ran in and made a purchase, and then they drove him back to the street where they had picked him up. Then they started heading towards Steelton, eventually crossing from Front Street to Cameron Street and up an alley, [where Williams] got out [of the car] and made a phone call. When he got back into the car, they headed north on Cameron, the opposite direction of Steelton.

As they drove through the city, [Barna] [began] to wonder where they were going[.] [W]hen they approached [Maclay], he told [Williams] to turn on to [Maclay]. [Barna] thought that [route] would be the quickest way back home. [Williams] did not do as [Barna] suggested, though [Barna] admits that [because] there was music on, he [was] not sure [whether Williams] heard him. [Williams] then turned right onto Elmerton … After [Williams] made a right onto a dead end, [Barna] began to ask him where they were going. [Williams] got out of the car again and made another call.

At this point, [Barna] began to worry so he got out of the car [and] got water out of his trunk. [Williams] told him he had dropped his keys. [Barna] had a flashlight[,] so he got the [flash]light and started looking for the keys under the car. He could not find them[,] so he handed the flashlight to [Williams] and got back into the car. [Williams] got in shortly after with a white cloth on his lap. [Barna] saw a gun and clip underneath the cloth. He questioned [Williams] about it at which point [Williams] pulled out of the dead end turning left onto Elmerton towards Cameron. As they drove down the street, the trunk flew open. [Williams] stopped the car, [and] [Barna] got out to close the trunk. [As] soon as [[Barna] shut the trunk, Williams] sped off in the car. [As Barna] saw [Williams] turn right onto Cameron Street, [he] realized [that] his phone was in the car and decided he was going to have to find someone to tell them that his car had been stolen and have them call the police. As he [was] making this decision, [Williams] made a U -turn on Cameron and [drove] back up Elmerton with the window down and the gun sticking out of the window. [Williams] shot at [Barna] at least three times. He then pulled over, got out and ran towards [Barna], and shot at him several more times[,] hitting [Barna] in the arm and leg and causing him to fall down. He stood over [Barna] with the gun and said 'give me your fuckin' wallet or I'm gonna shoot you.' [Barna] pled with him while [Williams] kept demanding the wallet[,] at which point [Barna] reached into his pocket[,] took out the wallet and threw it behind [Williams]. [Williams] picked up the wallet, shot about three more times at [Barna], hitting him in the back, and then ran back to the car, got into it and drove off. [Barna] eventually got up, and managed to get a cab to take him to the Harrisburg Hospital Emergency Room where he received treatment for his gunshot wounds.

Pa.R.A.P. 1925(a) Opinion, at 2-5 (citations omitted).

The Commonwealth contends that Williams waived his challenge to the sufficiency of the evidence, because his Rule 1925(b) statement did not sufficiently identify the error that he intended to challenge on appeal. We agree.

In **Commonwealth v. Tyack**, 128 A.3d 254 (Pa.Super.2015), the appellant stated in his Rule 1925(b) statement that "the [trial] court erred in finding [there] was sufficient evidence to sustain the verdict" of guilt for possession of an electric or electronic incapacitation device by a prohibited person[3]. The Commonwealth did not object to the Rule 1925(b) statement. Nevertheless, this Court held that the appellant waived his sufficiency claim due to the inadequacy of his Rule 1925(b) statement. We reasoned:

> As this Court has consistently held:
>
> > If Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [ ] does not specify the allegedly unproven elements[,] ... the sufficiency issue is waived [on appeal].
>
> **Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa.Super.2008), *quoting* **Commonwealth v. Flores**, 921 A.2d 517, 522–523 (Pa.Super.2007).
>
> In this case, Appellant's Rule 1925(b) statement simply declared, in boilerplate fashion, that the evidence was insufficient to support his conviction … The statement thus failed to 'specify the element or elements upon which the evidence was insufficient' to support Appellant's conviction—and we must conclude that Appellant's sufficiency of the evidence claim is waived on appeal. **Williams**, 959 A.2d at 1257.
>
> Further, it is of no moment that the Commonwealth failed to object to the defect in Appellant's Rule 1925(b) statement. As we have held:

---

[3] 18 Pa.C.S. § 908.1(c).

> The Commonwealth's failure [to object to the defect in the Rule 1925(b) statement] and the presence of a trial court opinion are of no moment to our analysis because we apply Pa.R.A.P.1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim. [**Commonwealth v. Castillo**, 585 Pa. 395, 888 A.2d 775 (2005) ], **Commonwealth v. Butler**, 571 Pa. 441, 812 A.2d 631, 634 (2002). Thus, we find 1925(b) waiver where appropriate despite the lack of objection by an appellee and despite the presence of a trial court opinion. **Castillo**, 888 A.2d at 779, 780; **Butler**, 812 A.2d at 634.

> **Williams**, 959 A.2d at 1257.

**Id**., 128 A.3d at 260-61; **see also Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa.Super.2009) (appellant waived challenge to sufficiency of evidence underlying his convictions for drug-related offenses due to inadequacy of his Rule 1925(b) statement, even though trial court addressed merits of this claim in its opinion).

Here, as in **Tyack**, **Gibbs**, and the authorities cited therein, Williams' Rule 1925(b) statement failed to specify the element(s) for which the evidence was insufficient to sustain his robbery conviction[4]. Therefore, Williams has waived this issue.

Even if Williams had preserved this issue for appeal, the evidence was sufficient to sustain his conviction. A person is guilty of robbery "if, in the

---

[4] We note that the Commonwealth was more diligent in this case than it was in **Tyack**, because in this case, it took the extra step of objecting to the insufficiency of Williams' Rule 1925(b) statement.

course of committing a theft, he … inflicts serious bodily injury upon another." 18 Pa.C.S. § 3701(a)(1)(i). Construed in the light most favorable to the Commonwealth, the evidence demonstrates that Williams shot at Barna several times after stealing Barna's car. Williams then exited the car, shot Barna in the arm and leg, and forced Barna to turn over his wallet at gunpoint. Barna required treatment at the hospital for his injuries. This evidence satisfies all elements of the crime of robbery.

Although we affirm Williams' conviction, we remand for resentencing due to defects in the February 23, 2015 order granting Williams' post-sentence motions. This order merely states that Williams' minimum sentence is "54-72 months" without specifying the precise number of months in his new minimum or maximum sentence. The Sentencing Code plainly directs the trial court to specify minimum and maximum periods of imprisonment. *See* 42 Pa.C.S. § 9756(b)(1) ("[the] minimum sentence of confinement … shall not exceed one-half of the maximum sentence imposed"). We direct the trial court to resentence Williams in a manner that complies with section 9756[5].

---

[5] Although Williams has not claimed that his sentence is illegal, "challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by this Court." **Commonwealth v. Tanner**, 61 A.3d 1043, 1046 (Pa.Super.2013).

Conviction affirmed.   Judgment of sentence vacated.   Remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2016