812 A.2d 631

COMMONWEALTH of Pennsylvania, Appellee

v.

Albert BUTLER, Appellant.

Supreme Court of Pennsylvania.

Submitted Aug. 7, 2001.

Decided Dec. 19, 2002.

442

Patrick Joseph Egan, Philadelphia, for Albert Butler, appellant.

Catherine Lynn Marshall, Philadelphia, for the Com. of PA, Appellee

Before: ZAPPALA, C.J., and CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

## OPINION

Chief Justice ZAPPALA.

We granted allowance of appeal in this case to determine whether the Superior Court erred in affirming the denial of Appellant's petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–46, when it deemed all of Appellant's issues waived due to counsel's failure to file a Statement of Matters Complained of on Appeal, pursuant to Pa.R.A.P.1925(b). For the reasons that follow, we affirm.

On November 17, 1995, a jury convicted Appellant of murder of the first degree, robbery, and criminal conspiracy.[1] The trial court sentenced Appellant to life imprisonment for the first degree murder conviction, along with two concurrent sentences of five to ten years' imprisonment for the robbery and conspiracy convictions. The Superior Court affirmed, *Commonwealth v. Butler,* 706 A.2d 1249 (Pa.Super.1997) (unpublished memorandum), and Appellant did not seek allowance of appeal to this Court.

Appellant filed a *pro se* PCRA petition on February 26, 1998. After the PCRA court appointed counsel, Appellant filed an amended petition.[2] The PCRA court dismissed Appellant's amended petition without a hearing and Appellant filed a notice of appeal with the Superior Court. On June 25, 1999, the PCRA court ordered Appellant to file a Statement of Matters Complained of on Appeal, pursuant to Pa.R.A.P. 1925(b). Appellant failed to file a Rule 1925(b) statement. As a result, the PCRA court issued an opinion that addressed only the claims raised in the amended PCRA petition.

The Superior Court affirmed in a published opinion. *Commonwealth v. Butler,* 756 A.2d 55 (Pa.Super.2000). Relying on this Court's decision in *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), the court reasoned that it could "only conduct meaningful review where the appellant writes a Rule 1925(b) statement and the court below ... responds to those issues in its opinion." *Butler,* 756 A.2d at 58. Accordingly, the court held that appellants will face waiver if they fail to comply with a court's order to file a Rule 1925(b) statement. *Id.* In light of Appellant's failure to file a Rule 1925(b) statement, the Superior Court deemed all of Appellant's issues waived and affirmed the denial of Appellant's amended PCRA petition. *Id.*

We granted Appellant's petition for allowance of appeal, limited to the issue of whether the Superior Court erred in deeming all of Appellant's issues waived due to his failure to

1. 18 Pa.C.S. §§ 2502(a), 3701, 903, respectively.

2. Appellant's court-appointed attorney has represented Appellant throughout the PCRA proceedings and this appeal.

file a Rule 1925(b) statement. *Commonwealth v. Butler*, 564 Pa. 471, 769 A.2d 442 (2001). As the Commonwealth never raised Rule 1925 waiver, Appellant argues that the Superior Court improperly deemed his issues waived *sua sponte.*

As promulgated by this Court, Pennsylvania Rule of Appellate Procedure 1925 provides, in pertinent part:

**(a) General rule.** Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

**(b) Direction to file statement of matters complained of.** The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

Prior to our decision in *Lord,* the intermediate appellate courts seized upon an apparent vest of discretion contained in the language of Rule 1925: "A failure to comply with such direction *may be considered* by the appellate court as a waiver. . . ." Pa.R.A.P.1925(b) (emphasis added). As a result, courts enforced waiver under Rule 1925 by determining whether they could conduct a "meaningful review" despite an appellant's failure to either file a Rule 1925(b) statement or include certain issues within a filed statement.[3]

---

**3.** *See Commonwealth v. Ervin,* 456 Pa.Super. 782, 691 A.2d 966 (1997) (holding that mere omission of issue from statement does not automatically result in waiver; rather, Superior Court will address merits of any issue in criminal case whenever certified record is sufficient to conduct meaningful appellate review); *Commonwealth v. Stilley,* 455 Pa.Super. 543, 689 A.2d 242 (1997) (holding that appellate court may exercise discretion to invoke waiver provision of Rule 1925 only where failure to file statement or omission from statement defeats effective appellate review); *Reynolds v. Commonwealth, Dept. of Transp., Bureau of Driver*

■ In *Lord*, however, this Court eliminated any aspect of discretion and established a bright-line rule for waiver under Rule 1925: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement *will be deemed waived." Lord,* 719 A.2d at 309 (emphasis added). Thus, waiver under Rule 1925 is automatic.

The same is true in PCRA appeals, despite the recitation of issues within a PCRA petition. As we noted in *Lord,* the purpose of Rule 1925 is "to aid trial judges in identifying and focusing upon those issues that the parties plan to raise on appeal." *Id.* at 308; *see also Commonwealth v. Johnson,* 565 Pa. 51, 771 A.2d 751, 755 (2001) (Opinion Announcing the Judgment of the Court). As the Superior Court cogently observed, PCRA petitions fail to serve that purpose. Here, the claims in Appellant's amended PCRA petition were identical to the issues that Appellant ultimately argued before the Superior Court. While the PCRA court was well acquainted with the claims raised in the amended PCRA petition, Appellant's failure to comply with the court's order to file a Rule 1925(b) statement compelled the court to speculate which of those claims Appellant would maintain on appeal. Bearing in mind the purpose of Rule 1925, this result is unsupportable. Therefore, as PCRA petitions do not fully inform PCRA courts of what issues an appellant will raise on appeal, a PCRA petition cannot serve as a substitute for a Rule 1925(b) statement.

*Licensing,* 694 A.2d 361 (Pa.Cmwlth.1997) (explaining that Commonwealth Court would review merits of appeal despite agency's failure to file statement if trial court filed an opinion allowing meaningful appellate review); *Commonwealth v. Nelson,* 453 Pa.Super. 637, 684 A.2d 579 (1996) (holding that waiver of claims on appeal for failure to file statement is not automatic; Superior Court will discharge its appellate function unless failure to file statement prevents meaningful appellate review). Indeed, this analysis has survived despite our decision in *Lord. See, e.g., Commonwealth v. Ortiz,* 745 A.2d 662 (Pa.Super.2000) (finding no impediment to meaningful review where trial court's opinion discussed sole issue raised on appeal, despite untimely filing of statement).

■ We reiterate our holding in *Lord*, and now expressly apply it to PCRA appeals. PCRA appellants, in order to preserve their claims for appellate review, must comply whenever the PCRA court orders them to file a Statement of Matters Complained of on Appeal under Rule 1925. Accordingly, any issues not raised in a Rule 1925(b) statement are waived. *See Lord*, 719 A.2d at 309.

■ Applying the preceding to the case *sub judice*, Appellant's failure to comply with the PCRA court's order to file a Rule 1925(b) statement resulted in the automatic waiver of any issues he may have raised on appeal. As issues not preserved for appellate review generally may not be considered by an appellate court, the Superior Court properly refused to address the merits of Appellant's waived claims.

Even so, Appellant argues that the Superior Court erred in deeming his issues waived *sua sponte*. As explained *supra*, however, Rule 1925 waiver is automatic. Accordingly, the Superior Court properly deemed Appellant's issues waived under Rule 1925, notwithstanding that the Commonwealth never briefed or argued Rule 1925 waiver. Moreover, if we were to accept Appellant's position, courts would be constrained to selectively enforce the Rule based upon the arguments of parties, which would subvert the purpose and effectiveness of Rule 1925.

■ Lastly, Appellant has attached an unverified Rule 1925(b) statement to his brief and avers that he "provided" it to the PCRA court. Appellant's Brief at 5, Appendix "C." Appellant does not allege that he properly filed this statement with the PCRA court. Rather, the unverified Rule 1925(b) statement is addressed directly to the PCRA court judge. In addition, Appellant's unverified Rule 1925(b) statement does not appear anywhere in the original record, is not evinced by any docket entry, and does not bear the customary "time stamp" of the clerk of courts.

Rule 1925 is not satisfied when an appellant merely mails his Rule 1925(b) statement to the presiding judge. Rather, Rule 1925(b) requires appellants to "file of record in the lower

court and serve on the trial judge a concise statement of the matters complained of on the appeal...." Pa.R.A.P.1925(b). Even if we were to accept Appellant's unproven assertions that he mailed his statement to the PCRA court judge, Appellant nonetheless failed to properly file the statement with the clerk of courts. Thus, as "[a]ny issues not raised in a 1925(b) statement will be deemed waived[,]" Appellant's failure to properly file a Rule 1925(b) statement waives any issues he may have raised. *See Lord,* 719 A.2d at 309.

The order of the Superior Court is affirmed.

Justice EAKIN did not participate in the consideration or decision of this case.

Justice CASTILLE and Justice SAYLOR file concurring opinions.

Justice NIGRO files a dissenting opinion.

Justice CASTILLE, concurring.

I join the majority opinion, which affirms the order of the Superior Court, which affirmed the denial of appellant's petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–46. I write separately to address points made in the dissenting opinion by Mr. Justice Nigro.

The majority holds that appellant's failure to properly file a statement of matters complained of on appeal, in response to the PCRA court's directive that he do so under Pa.R.A.P. 1925(b), results in the waiver of any appellate issues he would have raised. This holding is commanded by *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998). As the majority notes, in *Lord,* this Court, in an opinion authored by Mr. Justice Nigro, specifically held that:

> [F]rom this day forward, in order to preserve their claims for appellate review, Appellants **must comply** whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. **Any issues not raised in a 1925(b) statement will be deemed waived.**

719 A.2d at 309 (emphases supplied). The "day forward" referred to in *Lord* was the date of the decision, *i.e.,* October 28, 1998. It was not until June 25, 1999, almost eight months later, that appellant was ordered to file an Appellate Rule 1925 statement in this case. His failure to do so, under the plain and unequivocal language of *Lord,* requires affirmance of the Superior Court's order.

As the majority recognizes, the bright line interpretation of Appellate Rule 1925(b) ultimately set forth in *Lord* was not commanded by the actual language of the rule, since it is expressed in purely discretionary terms, *i.e.,* "A failure to comply with such direction **may** be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of." Pa.R.A.P.1925(b) (emphasis supplied). As the majority also aptly notes, *Lord* "eliminated any aspect of discretion" in treating a failure to comply with an Appellate Rule 1925(b) directive. The very fact that this Court altered the nature of the Rule from permissive to mandatory obviously is one of the reasons our bright-line construction was given prospective effect only.

I have no qualms about the merit of the construction prospectively adopted in *Lord.* Requiring compliance with an Appellate Rule 1925 directive aids the trial judge in identifying which issues to write upon, it helps to ensure effective appellate review, and it provides for a certainty and evenness in application that is difficult, if not impossible, to achieve via a discretionary rule. Moreover, since Appellate Rule 1925 is a rule of our own creation, I had no difficulty in *Lord,* and I have no difficulty now, with our effectively amending the rule via a prospective decision, rather than through the formal rulemaking process.

The dissent offers a narrowing construction of *Lord's* unequivocal, prospective holding, suggesting that it was powered by the interplay between Appellate Rule 1925 and Criminal Procedure Rule 720 (then-Rule 1410), which governs post-sentencing procedures. Since *Lord* involved a direct criminal appeal, and spoke to the interplay of Appellate Rule 1925 and a post-verdict rule, the dissent suggests, *Lord's* holding should

be confined to direct appeals. The dissent objects to what it views as the majority's "expansion" of the holding in *Lord*, which it deems "unwarranted and unfair." In my view, the dissent's quarrel is with *Lord* and not with the majority's proper application of that unequivocal decision.

Whatever may have been the factual and procedural posture of the case in *Lord*, the **holding** at issue was specifically rendered under Appellate Rule 1925, it was rendered **without qualification,** and it was rendered in light of the purpose which **Appellate Rule 1925** is designed to serve. The Rules of Appellate Procedure govern **all** appeals, not just criminal appeals, and not just direct criminal appeals. *See* Pa.R.A.P. 103 ("Scope of Rules") ("These rules govern practice and procedure in the Supreme Court, the Superior Court and the Commonwealth Court, including procedure in appeals to such courts from lower courts...."). The distinction offered by the dissent is not recognized in the Rules, nor was it recognized in *Lord*.

Indeed, the issue in *Lord* was not whether there was something unique to criminal direct appeals which required that Appellate Rule 1925 be construed differently than it would be in all other appellate contexts, **but the very opposite:** did the fact that Criminal Rule 720, which was relatively new and which provides that issues raised before or during trial shall be deemed preserved for appeal irrespective of whether the defendant renews them in a post-sentence motion, render a potential waiver under Appellate Rule 1925 inoperative? The question, in essence, was whether direct criminal appeals were **excepted** from the general **appellate** waiver rule set forth in Appellate Rule 1925.

In deciding the question, the Court in *Lord* noted that the Superior Court had interpreted the new criminal rule as relieving criminal defendants of the obligation to "list[ ] all appellate issues in a 1925(b) statement" if the issues not raised could be effectively reviewed from the record. We explicitly "disagree[d]" with those decisions, not because of anything unique to direct criminal appeals, but because of the purpose of Appellate Rule 1925:

The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues that the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process.

*Lord,* 719 A.2d at 308. *Accord Commonwealth v. Johnson,* 565 Pa. 51, 771 A.2d 751, 755 (2001) (plurality opinion). Accordingly, we held that direct criminal appeals were **not** excepted from Appellate Rule 1925 and, in so holding, we announced the prospective interpretation of the appellate waiver standard set forth in Appellate Rule 1925(b). Nothing in *Lord* remotely suggested that the Appellate Rule 1925 holding was **limited** to direct criminal appeals, as if the unitary language and purpose of the Rule means one thing for some appeals, and something entirely different for others.

As noted above, I recognize, as the majority does, that our prospective interpretation of Appellate Rule 1925 in *Lord* was stricter than what the rule's plain language suggested. But the strictness of our prospective interpretation had nothing to do with the fact that *Lord* involved a direct criminal appeal, rather than a civil appeal, or a PCRA appeal, or any other appeal; it had to do with the necessary and salutary function of Appellate Rule 1925 as a rule of **appellate** procedure. As such, it is an interpretation that necessarily must apply to **all** cases on appeal. Notably, both the Superior Court and the Commonwealth Court have applied the teaching of *Lord* to civil cases no less than to criminal cases. *Lobaugh v. Lobaugh,* 753 A.2d 834, 837–38 (Pa.Super.2000); *Giles v. Douglass,* 747 A.2d 1236, 1236–37 (Pa.Super.2000); *Municipality of Monroeville v. Monroeville Police,* 767 A.2d 596, 599 n. 6 (Pa.Cmwlth.2001), *allocatur denied,* 566 Pa. 672, 782 A.2d 551 (2001); *Cheltenham Twp. Sch. Dist. v. Slawow,* 755 A.2d 45, 48 (Pa.Cmwlth.2000). I would not undo *Lord's* salutary effect in an *ad hoc* fashion.

Even if I believed that Appellate Rule 1925, as construed in *Lord,* was subject to equitable exceptions upon an *ad hoc* basis, I see nothing "unfair" in holding PCRA appeals subject

to the rule. Indeed, in my view, an exception for PCRA appeals would be perverse. First, it is difficult to understand why notions of fairness would require favoring a collateral appeal in a criminal case over the direct appeal. Indeed, the equities work in the opposite direction. The right of direct appeal is constitutional while the right of PCRA review exists only by statute, with the right of PCRA appeal being secondarily triggered. Moreover, the claims available upon PCRA review are far more restricted than are available upon direct appeal; although PCRA review may be a "safety valve" to permit review of some issues not previously or properly raised, it is by no means a substitute for a direct appeal.

More importantly, the PCRA affords criminal defendants something which is afforded to no other litigant: a second bite at the review apple. Application of *Lord* on a direct civil appeal puts that appellant out of court **forever** with respect to the waived claims. Those civil appellants who have their claims deemed waived under *Lord* (or under any waiver doctrine) have no "safety valve" whatsoever. I would not place a greater value upon an appeal of a collateral attack upon a final judgment, an attack not available to all, than I would place upon the right of appeal, which is available to all. Thus, in my mind, if *Lord* sufficiently balances the equities in the direct appeal context, it necessarily is fair in the context of collateral appellate review of final criminal judgments.

The majority rightly applies *Lord* in this appeal. I join the opinion without reservation.

Justice SAYLOR, concurring.

I am cognizant of the interests that motivated the *Lord* Court's decision—given the constraints arising from the volume of cases managed by the Pennsylvania appellate courts, as well as the concern for uniformity in the administration of claims, the system simply cannot function properly if appellants or their counsel are derelict in their obligation to adequately frame appeals for review. *See Commonwealth v. Lord,* 553 Pa. 415, 418–20, 719 A.2d 306, 308–09 (1998). Nevertheless, at least on direct appeal in criminal cases, a majori-

ty of the Court appears to be willing to ameliorate the effect of *Lord's* waiver rule by allowing for assessment of claims of ineffective assistance of counsel for failing to file a Rule 1925 statement. *See Commonwealth v. Johnson,* 565 Pa. 51, 60, 771 A.2d 751, 756 (2001) (plurality).[1]

The effect of *Johnson,* however, is to fully resurrect the "double waiver" situation that led to the elimination of the requirement to file post-verdict motions in criminal cases to preserve claims for appeal.[2] As the *Lord* Court explained, the requirement to identify issues in post-sentence motions had resulted in issues being waived on appeal where they were not so identified, but nevertheless generated subsequent claims of ineffective assistance of counsel. *See Lord,* 553 Pa. at 419, 719 A.2d at 308–09 (quoting *Commonwealth v. Cortes,* 442 Pa.Super. 258, 261, 659 A.2d 573, 574 (1995)). Such multi-faceted process was considered cumbersome and unnecessary. *See id. Lord,* as applied by the lead in *Johnson,* nonetheless left intact the same process for challenging counsel's stewardship subsequent to the waiver, merely displacing the second facet of the double waiver from the post-verdict motion stage to the stage governed by Rule 1925.

Whereas *Johnson* concerned a case on direct appeal, the present case arises at the post-conviction stage. Significantly, however, this Court has held that post-conviction petitioners have a rule-based interest in effective post-conviction counsel analogous to the Sixth Amendment right prevailing at trial and on direct appeal, and that a remedy may be fashioned to vindicate such entitlement. *See Commonwealth v. Priovolos,* 552 Pa. 364, 368, 715 A.2d 420, 423 (1998). Indeed, the Court has directed that, in cases in which counsel's deficient performance in effect denies the post-conviction petitioner the right of appeal guaranteed by Article V, Section 9 of the Pennsylva-

1. In civil cases, it appears that the client's present recourse, if any, lies with counsel.

2. By comparison, in the civil context the waiver concern is more pronounced, as, to adequately preserve an issue for review, it must be raised in pre-trial proceedings or by appropriate method at trial, *see* Pa.R.Civ.P. No. 227.1(b)(1), included in post-trial motions, *see id.* at (b)(2), and specified in a Rule 1925(b) statement.

nia Constitution, the accepted remedy is a remand for appointment of new counsel. *See Commonwealth v. Albrecht,* 554 Pa. 31, 45–46, 720 A.2d 693, 700–01 (1998). In accordance with Johnson, *Priovolous* and *Albrecht,* it appears to me that there is an avenue in place to vindicate the rights of a post-conviction petitioner whose counsel has failed to file a Rule 1925 statement as directed without justification.

In light of Appellant's failure to implicate or discuss in his one-and-one-quarter page argument this potential avenue for relief or some broader perspective gleaned from experience with *Lord,* I am simply unable to conclude that the Court should fashion an equitable exception to *Lord,* or a general exception to the rule pertaining to the post-conviction process, in this case. Respectfully, however, given the limited argument presented, I do not join in the majority's broader pronouncements. Rather, it appears to me that it may be advisable for the Court to reconsider *Lord's* strict waiver rule in an appropriate case in light of the developing experience, including that which is reflected in *Johnson* and its progeny, particularly as there was some advantage in reposing a degree of discretion in the intermediate appellate courts in instances in which a claim can be reviewed on the record (as, for example, a sufficiency claim). If the Court were to re-implement Rule 1925(b) as written ("failure to comply with such direction [to file a statement of matters complained of on appeal] may be considered ... as a waiver"), *Lord* could effectively be read as a strong admonition that the failure to raise issues in a Rule 1925 statement may well result in a deemed waiver by an appellate court.

Justice NIGRO, dissenting.

I disagree with the majority's conclusion that the failure of Appellant's counsel to file a court-ordered Pa.R.A.P.1925(b) statement resulted in the automatic waiver of all the claims that Appellant raised on appeal from the denial of his PCRA petition. In my view, the strict waiver rule from *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), is not

applicable to the unique circumstances of a PCRA appeal. Thus, I must respectfully dissent.

Appellant filed a *pro se* PCRA petition on February 26, 1998, which was later amended by appointed counsel. Over one year later, on May 11, 1999, Appellant's amended petition was dismissed without a hearing, the PCRA court having determined that a decision could be made from the existing record. Appellant filed a notice of appeal to the Superior Court, and on June 25, 1999, the PCRA court ordered him to file a statement of matters complained of on appeal pursuant to Pa.R.A.P.1925(b). Appellant's counsel did not file a Rule 1925(b) statement on his behalf and, as a result, in its Rule 1925(a) opinion the PCRA court addressed only the issues Appellant raised in his amended PCRA petition.

The Superior Court affirmed the PCRA court's denial of Appellant's PCRA petition without considering the merits of any of his appellate issues. *Commonwealth v. Butler*, 756 A.2d 55 (Pa.Super.2000). Instead, the court deemed all of Appellant's claims waived due to his failure to file a Rule 1925(b) statement, concluding that a PCRA petition may not serve as a substitute for a 1925(b) statement. I agree with Appellant that the Superior Court erred in refusing to address the merits of the issues he raised in his PCRA petition.

In *Commonwealth v. Lord*, this Court considered whether Pennsylvania Rule of Criminal Procedure 720 (formerly Rule 1410(B)(1)(c)) precludes an appellate court from deeming an issue waived when an Appellant fails to raise that issue in his Rule 1925(b) statement. 719 A.2d at 307. Thus, *Lord* involved the interplay between Rule 1925(b) and Rule 720, which states that issues raised before or during trial are preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues.[1] After examining the intent

---

1. Some lower courts had concluded that, pursuant to post-trial procedures under Rule 720, appellants on direct appeal were not required to list all appellate issues in a 1925(b) statement as long as the issues not raised in the statement could be effectively reviewed from the record. As we explained in *Lord*, Rule 720 was enacted in order to eliminate the "double waiver" doctrine:

behind Rule 720 and the importance of Rule 1925 to the appellate process, we determined that the Rules were not in conflict, and that Rule 720 did not modify the operation of Rule 1925. Given this determination, we held that in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a 1925(b) statement and that any issue not raised in an appellant's 1925(b) statement will be deemed waived. *Id.* at 309.

Given this analysis and reasoning, it is clear to me that the strict waiver rule of *Lord* applies only in the context of direct appeals. The majority essentially agrees with this conclusion, but then expands the strict waiver rule to PCRA appeals, explaining that because the purpose of Rule 1925 is to aid trial judges in identifying the issues a party plans to raise on appeal, the need for a 1925(b) statement still exists at the PCRA level. As a result, the majority finds that Appellant's PCRA petition cannot serve as a substitute for a 1925(b) statement, and instead concludes that the strict waiver rule from *Lord* applies to Appellant's appeal from the denial of his PCRA petition. In my view, this expansion of *Lord* is not only unwarranted, but simply unfair.

Importantly, when a court applies the strict waiver rule of *Lord* on direct appeal, the appellant still has the safety valve of PCRA review. *See Commonwealth v. Johnson*, 565 Pa. 51, 771 A.2d 751, 759 n. 1 (2001) (Nigro, J., concurring and dissenting) ("Appellant, however, may still seek relief for his ineffective assistance of counsel claim under the [PCRA]"). This protection, however, is clearly absent on appeal from the denial of a PCRA petition. While I recognize that the PCRA represents the General Assembly's attempt to provide some finality to criminal appeals, I nonetheless believe that, by

> Prior practice required that to preserve an issue for appeal, the matter must have been raised initially when it occurred either before or during trial, and then be included in the Post-verdict Motion. Failure to include an issue in the Post-verdict Motion resulted in it being waived on appeal and often led to subsequent attacks on the conviction claiming counsel's ineffectiveness. New [Rule 720] was intended to eliminate this cumbersome process and allow the first appeal to address the issues properly raised before and during trial.
> *Lord,* 719 A.2d at 308–09 (citation omitted).

applying the *Lord* waiver rule to PCRA appeals, the majority fails to provide a reasonable opportunity for those who have been wrongly convicted to demonstrate the injustice of their conviction.[2] With the firm time restrictions mandated by the PCRA,[3] the majority effectively precludes Appellant, and all similarly situated future PCRA appellants, from receiving even one appellate review of their claims on the merits, through no fault of their own. As I cannot endorse such a result, I must respectfully dissent.[4]

**2.** The PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose ..., including habeas corpus and coram nobis." 42 Pa.C.S. § 9542; *see Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564, 569 (1999).

**3.** *See* 42 Pa.C.S. § 9545(b)(1) (any PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final); *Commonwealth v. Peterkin,* 554 Pa. 547, 722 A.2d 638, 641–42 (1998).

**4.** My conclusion here is consistent with the view I have expressed in other cases regarding waiver under the PCRA. For example, in addressing the issue of whether an appellant could obtain reinstatement of his direct appeal rights *nunc pro tunc* when he failed to file a timely PCRA petition, I stated:

> I am troubled by the prospect that a defendant who, for example, instructed counsel to file a direct appeal, was told by counsel that an appeal was being filed, was subsequently reassured by counsel that the appeal was filed, but later found out after the one-year limitation period expired that counsel never filed the appeal, is forever precluded from receiving at least one appellate review of his case. In my view, a rule that penalizes a defendant who reasonably relies in good faith upon his counsel to protect his appellate rights is contrary to the purpose of the PCRA, and such a defendant should be entitled to, at a bare minimum, one appellate review.

*Commonwealth v. Hall,* 565 Pa. 92, 771 A.2d 1232, 1237 (2001) (Nigro, J., concurring). *See also Com. v. Kenney,* 557 Pa. 195, 732 A.2d 1161, 1166 (1999) (Nigro, J., dissenting) ("Under these circumstances, I cannot agree that simply because [present counsel] recognized a meritorious issue overlooked by prior counsel yet failed to use the operative words in his brief to overcome waiver of this issue by prior counsel, Appellee's *Persinger* claim should, in effect, never be subject to review on its merits.")