J-A06020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CRYSTAL CARSON, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| IMANI SIMELANI, | |
| Appellant | No. 1804 EDA 2016 |

Appeal from the Order Entered May 13, 2016
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): PF-0000351-2016

BEFORE:  PANELLA, SHOGAN, and RANSOM, JJ.

JUDGMENT ORDER BY SHOGAN, J.:          Filed: March 10, 2017

On April 12, 2016, the trial court issued a temporary protection from abuse ("PFA") order in favor of Crystal Carson and against Appellant, Imani Simelani.  On April 13, 2016, Ms. Carson filed a complaint for indirect criminal contempt against Appellant for violating the temporary PFA.  On April 19, 2016, the trial court held a final hearing on the PFA order and determined that there was insufficient evidence to make the PFA order final. That same day, the trial court addressed Ms. Carson's complaint for indirect criminal contempt and determined that Appellant was in contempt for violating the temporary PFA order and sentenced Appellant to a term of incarceration of thirty to sixty days, to be followed by four months of probation.

On May 11, 2016, Appellant filed a *pro se* document requesting immediate release/parole. On May 13, 2016, the trial court entered an order denying Appellant's request. On June 1, 2016, Appellant filed a *pro se* notice of appeal from the trial court's order of May 13, 2016, to the Pennsylvania Supreme Court. On June 8, 2016, our Supreme Court transferred the case to Superior Court.

On July 11, 2016, the trial court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement on or before August 1, 2016. However, Appellant failed to file a Pa.R.A.P. 1925(b) statement as directed. On August 10, 2016, the trial court issued its Pa.R.A.P. 1925(a) opinion, which noted that all issues on appeal are waived due to Appellant's failure to file a Pa.R.A.P. 1925(b) statement.

"[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003). In **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998), our Supreme Court held that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived. In **Commonwealth v. Butler**, 812 A.2d 631 (Pa. 2002), the Court further expanded the **Lord** holding, concluding that waiver automatically applies when a Pa.R.A.P. 1925(b) statement is not filed or if an issue is not included in the Pa.R.A.P. 1925(b) statement, even when the question of waiver has

not been raised by the other party, and even when the trial court has chosen to overlook the failure by addressing the issues it assumed would be raised.

We have thoroughly reviewed the certified record before us on appeal and observe that Appellant has failed to file a Pa.R.A.P. 1925(b) statement as directed by the trial court's July 11, 2016 order. Accordingly, due to this failure by Appellant, we are constrained to conclude that all issues are waived. Hence, we quash this appeal.[1]

Appeal quashed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *3/10/2017*

---

[1] We note that the procedure found at Pa.R.A.P. 1925(c)(3) providing for remand for the filing of a concise statement of matters complained of on appeal is not implicated in this case, because that is a remedy for an attorney's failure to file such a statement in a criminal matter. Here, Appellant is acting *pro se*.