J-S69016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN BARBON | : | |
| | : | |
| Appellant | : | No. 792 MDA 2018 |

Appeal from the PCRA Order April 24, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001530-2012

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                  **FILED NOVEMBER 16, 2018**

Juan Barbon appeals *pro se* from the trial court's order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we remand with instructions.

On September 11, 2013, a jury convicted Barbon of two counts each of aggravated assault and simple assault, and one count each of criminal conspiracy and recklessly endangering another person.  He was sentenced to an aggregate term of 8-16 years' imprisonment.  The charges stemmed from Barbon's involvement in a high school gang-type fight, where he struck a juvenile victim in the wrist with a machete, nearly severing it.  Trial Court

Opinion, 8/14/14, at 1. Barbon filed an unsuccessful counseled direct appeal[1] and *pro se* "Motion to Modify and Reduce Sentence *Nunc Pro Tunc*."

On February 24, 2017, Barbon filed a *pro se* PCRA petition. Attached to his petition was a handwritten request to the court to appoint him a public defender. On October 27, 2017, the trial court entered an order appointing Jeffrey Yelen, Esquire, as PCRA counsel. On December 27, 2017, Attorney Yelen filed a motion to withdraw as counsel. On January 24, 2018, the court gave Barbon Pa.R.Crim.P. 907 notice of its intention to dismiss his petition. Barbon did not respond to the Rule 907 notice. On April 24, 2018, the court dismissed Barbon's petition and granted counsel's motion to withdraw. On May 14, 2018, Barbon filed a timely *pro se* notice of appeal. He presents one issue for our consideration: Whether the PCRA court erred in failing to review Barbon['s] *pro se* PCRA petition where he asserts the illegality and discretionary aspects of his sentence? Appellant's *Pro Se* Brief, at 2.

Before we review the merits of Barbon's claim on appeal, we must first address a procedural issue that is raised by both the Commonwealth and the trial court. After receiving Barbon's notice of appeal, the trial court issued an order requiring Barbon to file, of record, a Pa.R.A.P 1925(b) concise statement of errors complained of on appeal and to serve a copy of the statement upon the District Attorney and trial court within 21 days of the date of the order.

_____

[1] Eric Winter, Esquire, was direct appeal counsel. Trial counsel was Paul Galante, Esquire.

*See* Pa.R.A.P. 1925(b) Order, 5/15/18. The Commonwealth and trial court claim that because Barbon failed to comply with this order by not filing the statement, his claim on appeal is waived. ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) (original case holding that if appellant is directed to file concise statement pursuant to Rule 1925(b), any issues not raised in statement are waived); ***see also Commonwealth v. Butler***, 812 A.2d 631 (Pa. 2002) (Supreme Court further expanding on ***Lord***, stating waiver automatically applies when Rule 1925(b) statement not filed or if issue is not included in statement, even when question of waiver has not been raised by other party and even when trial court has chosen to overlook failure by addressing issues it assumed would be raised).

It is axiomatic that in order for an appellant to be subject to waiver for failing to file a timely Rule 1925(b) statement, a defendant must first receive a copy of the trial court's order mandating he file the statement. In fact, when a trial court enters an order directing an appellant to file a Rule 1925(b) statement, the clerk of courts has a mandatory duty to promptly time stamp each order with the date of receipt, place the order in the criminal file per Pa.R.Crim.P. 114(A)(1), and serve the order "on each party's attorney, *or the party if unrepresented*." Pa.R.Crim.P. 114(B)(1) (emphasis added). Moreover, pursuant to Rule 114(C), docket entries of the order shall be promptly made and shall contain: (a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court

notice; and (c) the date of service of the order or court notice. Pa.R.Crim.P. 114(C)(2).

Here, the record reveals that the Luzerne County Clerk of Courts time-stamped the court's Rule 1925(b) order with the date it was received. The order also indicates that a copy (cc:) of the order was sent to the District Attorney's Office and Barbon at SCI Coal Township. The docket entries, however, show that the order was only served, via e-service, to Paul Andrew Galante, Esquire, William Jennings Watt, III, Esquire, Eric E. Winter, Esquire, Joseph J. Yeager, Esquire, and Jeffrey A. Yelen, Esquire – all private and court-appointed conflict counsel. While the criminal docket lists these attorneys as in "active" representation status, the record contains an order, dated April 24, 2018, granting Attorney Yelen's motion to withdraw as PCRA counsel. In fact, this withdrawal explains why Borbon's current appeal from the dismissal of his PCRA petition was filed *pro se*. Despite this fact, nothing in the docket entries indicates that Barbon, himself, was served with the court's Rule 1925(b) order. Thus, based on this record evidence, we cannot conclude that Barbon has waived his issue on appeal for failure to file a court-ordered Rule 1925(b) statement.

Accordingly, we remand this case to the trial court to determine whether Barbon was properly served with the court's Rule 1925(b) order pursuant to Rule 114; the determination shall be made within 20 days of the date of this memorandum. If the court concludes that Barbon was never served with the order, then it shall prepare a comprehensive Rule 1925(a) opinion addressing

- 4 -

the issue Barbon raises on appeal and remit the record to this Court. If, however, the court concludes, based on record evidence, that Barbon was properly served with its Rule 1925(b) order, the trial court shall immediately remit the record to this Court for consideration of the appeal.

Case remanded with instructions. Panel jurisdiction retained.