J-S52027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GRAYSON MITCHELL | : | |
| | : | |
| Appellant | : | No. 54 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 5, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0004346-2018

BEFORE:  OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:             **FILED NOVEMBER 04, 2019**

Grayson Mitchell appeals from the judgment of sentence imposed following his conviction of possession of a controlled substance and possession of drug paraphernalia.[1]  We affirm.

The relevant facts are as follows:  On March 28, 2018, Officer Nicole Diviny of the Falls Township Police Department, responded to a request from a local motel for police assistance in removing an occupant who had not vacated his room.  When the officer arrived, she accompanied the motel employee to the room in question.  The officer knocked, and identified herself as a police officer.  When no one answered, she and the employee entered the room.  Mitchell was asleep on the bed.  The officer detected a strong odor

---

[1] 35 P.S. §§ 780-113(a)(16), (32).

of alcohol, and observed a blue and pink pipe on the bed stand, which she knew from training and experience was a marijuana pipe. The officer was able to wake Mitchell, who appeared intoxicated and smelled of alcohol. Additional police arrived on the scene. Officer Diviny retrieved the pink and blue pipe from the bed stand. As she did so, she observed a small glass pipe with residue on the bed stand, and two baggies in an open drawer that appeared to contain cocaine. The officer knew from her training and experience that the second device was a pipe used to smoke cocaine. As Officer Diviny was collecting these items, Mitchell made an unsolicited comment that the marijuana pipe was his, and that he had been smoking the previous evening. Mitchell additionally stated that the other items were not his. The baggies and the pipes were submitted to the lab. The residue in the baggies tested positive for cocaine. The pipes were not chemically tested.

Mitchell was arrested and charged with two counts of possession with intent to use drug paraphernalia, and one count of possession of a controlled substance (marijuana). On December 5, 2018, following a non-jury trial, the court found Mitchell guilty of one count each of possession of drug paraphernalia and possession of a controlled substance (marijuana). He was found not guilty of the second count of possession of drug paraphernalia. The trial court sentenced Mitchell to a probationary term of one year on the charge of possession of drug paraphernalia, and to pay the costs of prosecution. No further penalty was imposed on the charge of possession of a controlled

substance. Mitchell filed a timely notice of appeal, and both Mitchell and the trial court complied with Pa.R.A.P. 1925.

Mitchell raises the following issue for our review: "Was the evidence insufficient to convict [Mitchell] of possession with intent to use drug paraphernalia and possession of a controlled or counterfeit substance?" Mitchell's Brief at 4.

Prior to analyzing the merits of Mitchell's claim, we must first determine whether he preserved it for our review. In **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998), our Supreme Court held that if an appellant is directed to file a concise statement of errors to be raised on appeal pursuant to Pa.R.A.P. 1925(b), "[a]ny issues not raised in a 1925(b) statement will be deemed waived." **See also** Pa.R.A.P. 1925(b)(3)(vii) (stating that "issues not included in the Statement . . . are waived."). **Lord** "eliminated any aspect of discretion and established a bright-line rule for waiver under Rule 1925." **Commonwealth v. Butler**, 812 A.2d 631, 632 (Pa. 2002).

Here, the trial court directed Mitchell to file a concise statement of errors to be raised on appeal pursuant to Pa.R.A.P. 1925(b). In his 1925(b) concise statement, Mitchell raised the same sufficiency claim he raises in his appellate brief, *i.e.*, "[w]hether the evidence was insufficient to convict [Mitchell] of possession with intent to use drug paraphernalia and possession a controlled or counterfeit substance." Concise Statement, 1/22/19, at 1. The

Commonwealth contends that the issue, as raised in Mitchell's concise statement, is waived due to lack of specificity.

Our review confirms that waiver applies here. As this Court has explained, in order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity *the element or elements* upon which the appellant alleges that the evidence was insufficient. *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa Super. 2013). Such specificity is of particular importance in cases where, as here, Mitchell was convicted of multiple crimes, each of which contains elements that the Commonwealth must prove beyond a reasonable doubt. *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009).

Applying these principles to the sufficiency challenge presented in Mitchell's concise statement, we conclude that due to the complete lack of specificity, Mitchell failed to preserve this issue for review. To sustain a conviction for possession of drug paraphernalia the Commonwealth must establish that items possessed by defendant were used or intended to be used with a controlled substance so as to constitute drug paraphernalia. *Commonwealth v. Little*, 879 A.2d 293, 300 (Pa. Super. 2005); *see also* 35 P.S. §§ 780-113(a)(32). In his concise statement, Mitchell did not indicate to the trial court which of the elements of possession of drug paraphernalia the Commonwealth purportedly failed to establish. Further, to sustain a conviction for possession of a controlled substance, the Commonwealth must

prove that "the defendant had knowing or intentional possession of a controlled substance and, if the substance is not found on the defendant's person, then the Commonwealth must satisfy that burden by proof of 'constructive possession.'" ***Commonwealth v. Alford***, 192 A.3d 289 (Pa. Super. Ct. 2018) (quoting ***Commonwealth v. Valette***, 613 A.2d 548 (Pa. 1992)); ***see also*** 35 P.S. §§ 780-113(a)(16). Again, Mitchell's concise statement did not indicate to the trial court which of the elements of possession of a controlled substance the Commonwealth allegedly failed to establish. To be sure, Mitchell did not identify for the trial court the actual grounds that he now argues before this Court; namely, the lack of chemical testing of the marijuana pipe.

While the trial court did address generally the topic of sufficiency in its opinion, it did not address the specific claims Mitchell raises before us. Moreover, we have held that this is of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim. ***Gibbs***, 981 A.2d at 281.[2]

Judgment of sentence affirmed.

Judge Ott joins this memorandum.

---

[2] Even if Mitchell had preserved a sufficiency challenge for our review, we would have concluded that the Commonwealth presented sufficient evidence to support his convictions for the reasons expressed by the trial court in its opinion. ***See*** Trial Court Opinion, 5/14/19, at 2-5.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/19