| | | |
|---|---|---|
| Eric Alexis and Joan Alexis, | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| Frank Montaro | : | |
| Ronald Koldjeski | : | |
| Lackawanna County T.C.B. | : | No. 558 C.D. 2019 |
| Lackawanna County | : | Submitted: April 24, 2020 |

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                   FILED:  May 22, 2020

Eric and Joan Alexis (collectively, the Alexises) appeal, pro se, from the Lackawanna County Common Pleas Court's (trial court) January 31, 2019 order sustaining the preliminary objections (Preliminary Objections) filed by Ronald Koldjeski (Koldjeski),[1] Lackawanna County (County) and the County Tax Claim Bureau (Bureau) (collectively, Koldjeski), and dismissing the Alexises' Emergency Complaint to Quiet Title filed against Koldjeski, Frank Montaro (Montaro) and Lynott Kurt[2] (Complaint).  The sole issue before this Court is whether the Alexises waived all issues on appeal by failing to file their Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (1925(b) Statement).  After review, we affirm.

**Background**

The Estate of Tillie Popewchak (Estate) holds title to property located at 213 Main Street, Blakely Borough in the County (Property).  Marsha Alexis Boland

---

[1] Koldjeski was the former Director for the Lackawanna County Tax Sale Bureau.

[2] A review of the record reveals that Lynott Kurt is Montaro's legal counsel.

(Boland) is the Estate's Administratrix. The Property's real estate taxes were not paid for tax years 2008 through 2014, resulting in a $14,450.46 delinquent tax balance. Following an unsuccessful upset tax sale, the Property was included in the Bureau's 2015 judicial tax sale. On January 20, 2015, the Bureau filed a petition for judicial sale (Sale Petition) and rule to show cause (Rule) in the trial court. The trial court issued a Rule scheduling a March 11, 2015 hearing. On February 5, 2015, the County Sheriff's Office personally served a copy of the Sale Petition and Rule on Boland. On February 20, 2015, notice of the sale was published in The Times - Tribune. Boland did not appear at the March 11, 2015 hearing.

Joan Alexis, who resides at the Property with her disabled husband Eric Alexis,[3] appeared at the March 11, 2015 hearing and negotiated a $200.00 per month installment plan to pay the delinquent tax balance beginning on April 3, 2015, to avert the Property's judicial tax sale. The trial court advised Joan Alexis that her failure to make the negotiated payment would result in the Property's sale on April 20, 2015. Joan Alexis failed to remit the required payment and, on April 16, 2015, the trial court ordered the Property's sale.

Montaro purchased the Property at the Bureau's April 20, 2015 judicial tax sale. On May 20, 2015, the Alexises filed a petition with the trial court, challenging the judicial sale (Petition) on the basis that they were not provided notice of the sale. On July 8, 2015, the trial court held a hearing and, on July 17, 2015, the trial court denied the Petition. On August 24, 2015, the Alexises appealed from the trial court's order to the Pennsylvania Superior Court, which transferred the matter to this Court. On August 22, 2016, this Court affirmed the trial court's order, ruling that since the Alexises were not owners, there was no requirement that they receive notice

---

[3] Eric Alexis is Tillie Popewchak's grandson.

2

of the sale.[4]  On appeal, the Pennsylvania Supreme Court denied the Alexises' Petitions for Allowance of Appeal and Reconsideration.[5]

Concurrently, Montaro filed an Action to Evict the Alexises in Magisterial District Court (MDC).  The MDC granted possession of the Property to Montaro, and thereafter the Alexises appealed from the MDC's decision to the trial court.  After numerous filings in the trial court, the Pennsylvania Superior Court and the United States District Court for the Middle District of Pennsylvania, the trial court held a non-jury trial.  On March 1, 2018, the trial court granted possession of the Property to Montaro.

**Facts**

On September 7, 2018, the Alexises filed the Complaint, entitled Emergency Action to Quiet Title, Action to Void Tax Sale and Deed for Fraud, Action to Stop Illegal Possession.  On September 27, 2018, Koldjeski filed the Preliminary Objections.  On October 28, 2018, Montaro filed preliminary objections adopting Koldjeski's Preliminary Objections.  On January 31, 2019, the trial court held a hearing, sustained the Preliminary Objections and dismissed the Complaint with prejudice.  On February 14, 2019, the Alexises appealed to the Pennsylvania Superior Court, which transferred the matter to this Court.  On March 19, 2019, the trial court directed the Alexises to file a Rule 1925(b) Statement within 21 days.  On August 29, 2019, the trial court filed its Rule 1925(a) Opinion stating:

> As of this date, [the Alexises] have not filed a [Rule 1925(b) S]tatement, as directed by th[e trial] court, pursuant to [Rule] 1925(b).  As such, th[e trial] court is submitting this abbreviated [Rule] 1925(a) statement in lieu of an opinion and [the Alexises'] issues are deemed waived pursuant to *Commonwealth v. Butler*, [812 A.2d 631, 634]

---

[4] *Alexis v. Koldjeski* (Pa. Cmwlth. No. 1729 C.D. 2015, filed August 22, 2016).
[5] *Alexis v. Koldjeski* (Pa. No. 59 MAL 2015, filed June 27 and July 11, 2017) (respectively).

3

([Pa.] 2002) ('[An a]ppellant's failure to properly file a Rule 1925(b) [S]tatement waives any issues he may have raised.'). *See also*[] *Commonwealth v. Lord*, 719 A.2d 306 ([Pa.] 1998).

Supplemental Reproduced Record at 200B.

By November 8, 2019 Order (Order), this Court directed:

[U]pon review of the [trial court's] August 29, 2019 [Rule] 1925(a) Opinion, it appears that the trial court opined that [the Alexises] failed to preserve any issues for appellate review because they did not file a [Rule 1925(b) Statement] pursuant to [Rule] 1925(b), and the trial court's March 19, 2019 order directing [them] to do so within 21 days of that order. Accordingly, **the parties shall address whether [the Alexises] preserved any issues on appeal in light of their apparent failure to file a [Rule 1925(b)] Statement as directed by the trial court in their principal briefs on the merits or other appropriate motion**.

Order at 1 (emphasis added). Notwithstanding this Court's Order, on February 20, 2020, the Alexises filed a 49-page brief (excluding exhibits), without any mention of their failure to file a Rule 1925(b) Statement.

The Pennsylvania Supreme Court has reiterated: "[A]ll appellants must file a Rule 1925(b) [S]tatement, if ordered to do so by the trial court, enumerating all issues they wish to have the appellate court consider, or those issues will be deemed waived for appellate review." *Commonwealth v. Parrish*, 224 A.3d 682, 693 (Pa. 2020) (citing *Lord*). The *Parrish* Court continued: "[A]ny issues not raised in a Rule 1925(b) [S]tatement are waived." *Parrish*, 224 A.3d at 693 (quoting *Butler*, 812 A.2d at 634).

Because the trial court ordered the Alexises to file a Rule 1925(b) Statement and the Alexises failed to do so, all of their appellate issues are waived. *Parrish*. Accordingly, the trial court's order is affirmed.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Alexis and Joan Alexis,     :
                Appellants     :
                              :
              v.          :
                              :

Frank Montaro          :
Ronald Koldjeski       :
Lackawanna County T.C.B.     :   No. 558 C.D. 2019
Lackawanna County       :

PER CURIAM

## O R D E R

AND NOW, this 22nd day of May, 2020, the Lackawanna County Common Pleas Court's January 31, 2019 order is affirmed.