J-S41018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| CHARLES WILLIAM HACKLEY | : | |
| Appellant | : | No. 125 MDA 2022 |

Appeal from the PCRA Order Entered November 30, 2021
In the Court of Common Pleas of Luzerne County
Criminal Division at CP-40-CR-0003539-2017

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                **FILED:  FEBRUARY 1, 2023**

Charles William Hackley (Appellant) appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Consistent with our Supreme Court's decision in ***Commonwealth v. Parrish***, 224 A.3d 682 (Pa. 2020), we remand so that Appellant may file a Rule 1925(b) statement *nunc pro tunc*.

On August 7, 2018, the trial court convicted Appellant of "several offenses related to a drug sale." ***Commonwealth v. Hackley***, No. 1769 MDA 2018, at *1 (Pa. Super. Ct. Sept. 23, 2019) (unpublished memorandum).  The trial court sentenced Appellant on September 20, 2018.  Appellant timely appealed, and this Court affirmed the judgment of sentence.  ***See id.***

---

[*] Former Justice specially assigned to the Superior Court.

Appellant timely filed a *pro se* PCRA petition on August 17, 2020. Two days later, the PCRA court appointed Jeffrey Yelen, Esquire, to represent Appellant. The PCRA court explained:

Through [Attorney Yelen, Appellant] filed a supplemental petition and request for hearing on September 4, 2020. The Commonwealth filed a response to [Appellant's] petition on November 27, 2020. A PCRA hearing was held on April 13, 2021. [Appellant's] petition and supplemental petition were denied and dismissed on November 30, 2021.

Attorney Yelen filed a "Notice of Appeal/Appeal *Nunc Pro Tunc*/Application to Allow Appeal *Nunc Pro Tunc* on January 4, 2022. On January 12, 2022, th[e PCRA] court granted [Appellant's] Application to Allow a *Nunc Pro Tunc* Appeal and directed [Appellant] to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) ("Statement"). On January 13, 2022, Attorney Yelen sought to withdraw as counsel and requested this court appoint appellate counsel for [Appellant]. The motion was granted and Michael Kostelaba, Esquire, was appointed counsel for [Appellant] on January 24, 2022. Attorney Kostelaba entered his appearance on January 26, 2022. [**Appellant**] **neither filed a Statement or a motion requesting an extension of time to do so**.

Upon consideration of [Appellant's] failure to properly file a Statement, it would appear that there are no issues preserved for appellate review. ***See Commonwealth v. Butler***, 812 A.2d 631 (Pa. 2002); ***Commonwealth v. Lord***, 719 A. 2d 306 (Pa. 1998); Pa.R.A.P. 1925(b). …

However, this court respectfully recognizes that the Superior Court may choose to remand the matter to this court. ***See Commonwealth v. Parrish***, 224 A.3d 682, 702 (Pa. 2020) ("[W]henever post-conviction counsel's performance is so deficient that it has entirely denied the post-conviction petitioner the right to appeal, **remand to the lower court is the appropriate remedial action so that new counsel can take the necessary steps to restore that right**.")

PCRA Court Opinion, 3/3/22, at 2-3 (emphasis added).

Attorney Kostelaba subsequently filed a motion to withdraw as counsel. The PCRA court granted the motion and appointed Appellant's current attorney, Matthew P. Kelly, Esquire, to represent Appellant. Order, 4/28/22.

Appellant presents the following claim:

I.    No Concise Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P. 1925(b) was filed.

Appellant's Brief at 1.

Like the PCRA court, Appellant cites **Parrish**, and "respectfully requests this matter be remanded to the PCRA court so that undersigned counsel can file an appropriate 1925(b) Statement." **Id.** at 4. The Commonwealth argues waiver, but concedes:

> **Parrish** stands for the proposition that, where postconviction counsel's performance is so deficient that he has entirely denied the post-conviction petitioner the right to appeal, remand to the lower court is the appropriate remedial action so that new counsel can take the necessary steps to restore that right.

Commonwealth Brief at 8, citing **Parrish**, 224 A.3d at 702.

The PCRA court has issued an opinion. However, the Supreme Court in **Parrish** addressed the PCRA court being "forced … to guess which of its rulings were being challenged," and explained that

> waiver of all appellate issues is mandated by Pa.R.A.P. 1925(b)(4)(vii), which provides that "[i]ssues ... not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).
>
> This conclusion is not altered by the fact that the PCRA court authored an opinion addressing a large number of the ineffectiveness claims raised in [a]ppellant's four amended PCRA petitions. … [T]he mere fact that a court has authored an opinion

- 3 -

addressing potential appellate issues does not excuse an appellant from complying with Pa.R.A.P. 1925(b). As [a]ppellant has cogently argued, the burden is on appellate counsel to comply with Rule 1925(b), and it is not the trial court's responsibility to assume that burden and identify potential appellate issues and frame them for a litigant in an opinion without receiving any guidance from appellate counsel. Pa.R.A.P. 1925(b)(4)(ii) establishes the minimum guidance appellate counsel must provide to the trial court about the specific issues he or she will be pursuing on appeal, and, consequently, plays a vital role in facilitating the appellate process.

***Parrish***, 224 A.3d at 700.

Accordingly, we are compelled to remand so that Appellant may file a Rule 1925(b) statement within 21 days of the filing of this decision. The PCRA court shall have the option of filing a supplemental Rule 1925(a) opinion within 30 days of Appellant filing his Rule 1925(b) statement.

Case remanded with instructions. Jurisdiction retained.