J-S18012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ROBERT BENJAMIN GOHLMAN | : | |
| Appellant | : | No. 1266 WDA 2023 |

Appeal from the PCRA Order Entered October 6, 2023
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000438-2019

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: AUGUST 5, 2024**

The Crawford County Court of Common Pleas entered an order dismissing Robert Benjamin Gohlman's third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, as untimely. As we agree with the PCRA court that Gohlman has waived any issues for appeal by failing to file a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, we affirm.

The procedural history relevant to this appeal begins when Gohlman filed a *pro se*, third PCRA petition on September 1, 2023. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing on the basis that the petition was untimely under the PCRA. Gohlman filed a *pro se* response to the PCRA court's Rule 907 notice of intent, though

his response did not address the timeliness of his petition. The court entered an order denying Gohlman's third PCRA petition on October 6, 2023.

Gohlman filed a *pro se* notice of appeal. By an order entered on October 23, 2023, the PCRA court directed Gohlman to file of record and serve the PCRA court with a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days from the date of the order's entry on the docket. The order informed Gohlman that he could file the statement in person or by mail at a specified address, or by fax, with the fax number provided. **See** Order, 10/23/2023, at 1. It also cautioned Gohlman that "any issue not properly included in the Statement timely filed and served as directed above shall be deemed waived." **Id.** at 2. The order further informed Gohlman that he could file an application to enlarge the time period specified in the order for filing the statement. **See id.**

Gohlman did not file a statement or an application to extend the time period for filing. The PCRA court therefore issued a responsive Pa.R.A.P. 1925(a) opinion stating that Gohlman's failure to file a Rule 1925(b) statement or to request an extension of the time to file the statement waived any issues Gohlman wished to raise on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Butler**, 812 A.2d 631, 634 (Pa. 2002) (holding that a PCRA appellant's failure to comply with the PCRA court's order to file a Rule 1925(b) statement "result[s] in the automatic waiver of any issues he may have raised on appeal").

We agree with the PCRA court that Gohlman's failure to file the court-ordered Rule 1925(b) statement renders any issues raised on appeal waived. In his appellate brief, Gohlman raises six statements in his "Index of Issues," with most of the statements sounding in sufficiency challenges and with the sixth one simply stating "problems." Appellant's Brief at 2 (unpaginated). Importantly, none of these issues have anything to do with his failure to comply with the court's directive to file a Rule 1925(b) statement. Nor does Gohlman address this fatal failure anywhere in his rambling, single-spaced brief. Because of Gohlman's failure to file the Rule 1925(b) statement ordered by the PCRA court, the issues he attempts to raise on appeal are waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *Butler*, 812 A.2d at 634.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/5/2024