J-S58003-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DORIAN ROSS | : | |
| Appellant | : | No. 1416 WDA 2017 |

Appeal from the Judgment of Sentence August 31, 2017
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0001696-2015,
CP-11-CR-0001697-2015

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    FILED DECEMBER 4, 2018

Appellant, Dorian Ross, appeals pro se from judgments of sentence entered on August 31, 2017 at trial court dockets 1696-2015 and 1697-2015 following his bench trial convictions for two counts of receiving stolen property (18 Pa.C.S.A. § 3925(a)) and other offenses.  We affirm.

We briefly summarize the facts and procedural history as follows.  On July 24, 2015, Pennsylvania State Trooper Scott Myers stopped Appellant while he was operating a motorcycle along Route 22 for failure to use a turn signal.  During the stop, Trooper Myers checked the registration status of Appellant's motorcycle.  Based upon this inquiry, Trooper Myers learned that Appellant's license plate was associated with a Honda motorcycle, not the Kawasaki model operated by Appellant, and both the plate and the Honda motorcycle were reported stolen.  Appellant was therefore taken into custody.

To further investigate the whereabouts of the stolen Honda motorcycle, Trooper Myers and other officers traveled to an address along Wood Street in Johnstown, Pennsylvania. The Wood Street address was listed as Appellant's residence in the records of the Pennsylvania Department of Transportation. Shortly after his arrival, Trooper Myers recovered the Honda motorcycle from a garage located behind the residence.

On October 20, 2015, the Commonwealth filed a criminal information against Appellant charging him at docket number 1697-2015 with receiving stolen property (the Honda motorcycle registration plate) and several summary traffic offenses. Thereafter, on December 3, 2015, the Commonwealth filed a second information, at docket number 1696-2015, charging Appellant with an additional count of receiving stolen property (the Honda motorcycle).[1] On July 15, 2016, Appellant filed a motion to suppress challenging the search by which Trooper Myers recovered the Honda motorcycle. Appellant's motion alleged that Trooper Myers searched the garage at the Wood Street residence without a warrant and in the absence of exigent circumstances and consent. The trial court convened a suppression hearing on September 22, 2016. Based upon the testimony adduced at the hearing, the trial court determined that Marjorie Hinton, Appellant's girlfriend, consented to a search of the garage and Trooper Myers reasonably relied on

_____

[1] The information at docket number 1696-2015 also charged Appellant with possession of marijuana.

her apparent authority to agree to the search. Accordingly, the court denied Appellant's motion to suppress on November 16, 2016.

At the conclusion of a bench trial on May 31, 2017, the court found Appellant guilty of both counts of receiving stolen property, along with various summary traffic offenses. Appellant was found not guilty of marijuana possession. On August 31, 2017, Appellant received an aggregate sentence of 21 to 42 months' incarceration. The court also imposed fines for Appellant's various traffic offenses.

Appellant filed a notice of appeal on September 27, 2017. That same day, the court, pursuant to Pa.R.A.P. 1925(b), ordered Appellant to file a concise statement of errors complained of on appeal. Appellant filed a counseled concise statement on October 16, 2017.[2] The trial judge who presided over Appellant's suppression hearing issued a Rule 1925(a) opinion on October 26, 2017. The trial judge who presided over the bench trial and imposed sentence in this case filed an opinion on November 1, 2017.

On April 4, 2018, while this matter was pending before this Court, Appellant submitted a filing with the trial court seeking the dismissal of counsel. On April 26, 2018, this Court remanded the matter for a hearing pursuant to Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998) to ascertain

_____

[2] Appellant's October 16, 2017 concise statement alleged that the search of Appellant's garage was unlawful since it was executed without a warrant and absent exigent circumstances and valid consent. The concise statement also alleged that the trial court erred in ordering Appellant to pay multiple fines for the same summary traffic offense.

whether Appellant's request to proceed pro se was knowingly, voluntarily, and intelligently made. At the conclusion of the Grazier hearing on May 8, 2018, the trial court granted Appellant's request. This case is now ripe for disposition.

Appellant's pro se brief raises the following issues for review.

Was trial counsel ineffective at [Appellant's] suppression hearing for failing to object to the admission of hearsay testimony of [Trooper Myers] regarding witness [Marjorie] Hinton's alleged [consent to search]?

Was trial counsel ineffective at [Appellant's] trial for failing to object to the admission of hearsay testimony of [Trooper Myers] regarding witness [Marjorie] Hinton's alleged [consent to search]?

Did former trial/appellate counsel provide ineffective assistance of counsel by [asserting in the counseled Rule 1925(b) statement of errors that witness Marjorie Hinton "ultimately gave grudging consent" contrary to Hinton's testimony and contrary to the record]?

Did former trial/appellate counsel [] commit criminal legal malpractice when he [asserted in the counseled Rule 1925(b) statement of errors that witness Marjorie Hinton "ultimately gave grudging consent" contrary to Hinton's testimony and contrary to the record]?

Did the trial court err when it sentenced [Appellant] to pay a fine of $150.00 on [both] counts [eight] and [nine at docket number 1697-2015], which charged the same offense: obedience to traffic control?

Did the trial court abuse its discretion when it denied Appellant's motion to suppress evidence when police officers entered onto/into Appellant's residence and the curtilage (garage0 without a warrant, absent consent, and absent exigent circumstances?

Did the trial court err in finding that witness [Marjorie] Hinton had authority to [consent to a search as the trial court found in its

- 4 -

memorandum and order of November 16, 2016, which denied Appellant's motion to suppress]?

Appellant's Brief at 7-9 (claims re-ordered to facilitate discussion; unnecessary capitalization omitted).

Appellant's first four issues attack counsel's competency in advocating issues surrounding efforts to suppress evidence recovered during Trooper Myers' July 24, 2015 search of Appellant's garage. These issues are waived and unreviewable within the context of direct review.

Appellate courts in Pennsylvania have consistently held that matters that were not raised within a concise statement are waived and not subject to review on appeal. See Commonwealth v. Lord, 719 A.2d 306 (Pa. 1998) (failure to include an issue in a concise statement results in waiver); see also Commonwealth v. Butler, 812 A.2d 631, 633 (Pa. 2002) (waiver rule articulated in Lord is automatic and Superior Court lacks discretion to address claims excluded from concise statement). Here, the trial court ordered Appellant to file a concise statement under Rule 1925(b) and counsel timely complied, raising two claims. See supra. at note 2. Neither of the claims raised in the counseled concise statement challenged the effectiveness of counsel's advocacy pertaining to the suppression issues implicated in this

appeal. Since Appellant's first four claims were not included in the concise statement filed before the trial court, they are waived.[3]

Additionally, Appellant's claims challenging the effectiveness of trial counsel are generally unreviewable in the context of direct review. See Commonwealth v. Grant, 813 A.2d 728, 738 (Pa. 2002) ("as a general rule, a [defendant] should wait to raise claims of ineffective assistance of trial counsel until collateral review"). Appellant has not pointed to any circumstances that persuade us to disregard the general rule stated in Grant. Accordingly, we hold that Appellant's ineffectiveness claims should be deferred to collateral review.

Appellant's next claim asserts that the trial court erred in imposing two fines for the same offense. Although the trial court agreed that Appellant was entitled to relief on this contention, see Trial Court Opinion, 11/1/17, at 1 (agreeing that sentencing at counts eight and nine on docket number 1697-2015 was in error), Appellant purports to withdraw this issue from our consideration. See Appellant's Brief at 79. Notwithstanding Appellant's effort to withdraw this claim, we shall review it as it potentially raises an issue that implicates the legality of a sentence. See Commonwealth v. Smith, ---

_____

[3] In this case, counsel timely complied with the trial court's order to file a concise statement. Thus, Rule 1925(c)(3), which allows for remand and the filing of a concise statement nunc pro tunc where we are convinced counsel has been per se ineffective, does not apply.

A.3d ---, 2018 WL 3490917 at *9 (Pa. Super. 2018) ('illegal sentence' is a term of art which Pennsylvania Courts apply to three narrow categories of cases, including those involving multiple punishments for a single offense). Our review of the magistrate's docket in this case reveals that count eight on docket number 1697-2015 charged "obedience to traffic-control devices" (75 Pa.C.S.A. § 3111(a)) while count nine on that docket charged "failure to stop at red signal" (75 Pa.C.S.A. § 3112(a)(3)). Hence, the challenged fines were not imposed for the same traffic violation as Appellant originally suggested.

Appellant's last two issues challenge the trial court's order denying his motion to suppress; hence, we shall address these related contentions in a single discussion. Here, Appellant asserts that the trial court erred and/or abused its discretion in denying his motion to suppress. Specifically, Appellant complains that the trial court wrongly concluded that Hinton possessed apparent authority to consent to a search of the garage at the Wood Street property.

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where … the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it

is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

Commonwealth v. Perel, 107 A.3d 185, 188 (Pa. Super. 2014), appeal denied, 124 A.3d 309 (Pa. 2015).

Fourth Amendment protections guard against unreasonable searches and seizures. In the Interest of D.M., 781 A.2d 1161, 1163 (Pa. 2001). "A warrantless search or seizure is per se unreasonable unless it falls within a specifically enumerated exception." Commonwealth v. Wright, 961 A.2d 119, 137 (Pa. 2008). Third-party consent, whether based upon common or apparent authority, is an exception to the warrant requirement. Commonwealth v. Strader, 931 A.2d 630, 634 (Pa. 2007). Our Supreme Court's opinion in Strader described the scope of the "apparent authority exception" to the warrant requirement as follows:

> A third party with apparent authority over the area to be searched may provide police with consent to search. Third party consent is valid when police reasonably believe a third party has authority to consent. Specifically, the apparent authority exception turns on whether the facts available to police at the moment would lead a person of reasonable caution to believe the consenting third party had authority over the premises. If the person asserting authority to consent did not have such authority, that mistake is constitutionally excusable if police reasonably believed the consenter had such authority and police acted on facts leading sensibly to their conclusions of probability.

Id. at 634 (citations omitted).

Appellant's position is that the trial court should not have credited the testimony of Trooper Myers, who said that Hinton consented to a search of

Appellant's garage after she told him she resided at the Wood Street residence and thereby demonstrated her apparent authority to agree to a search of the premises. Appellant characterized Trooper Myers' testimony as "inadmissible hearsay" that lacked any indicia of reliability since it was contrary to the suppression hearing testimony of Hinton and another female who averred that Hinton told Trooper Myers that she could not consent to a search because she did not live at the Wood Street property. Contrary to Appellant's contentions, we conclude that the Commonwealth's evidence, together with the evidence offered by the defense which remains uncontroverted when read against the record as a whole, supports the trial court's conclusion that Trooper Myers reasonably relied on Hinton's apparent authority to give consent.

The trial court made the following observations based upon the testimony offered at Appellant's suppression hearing.

> Relative to the search, Trooper [Myers] testified that upon arrival at [the Wood Street property] he met [Hinton] on the front porch of the residence and she informed him that she resided there. [Trooper] Myers further testified that: Hinton was friendly and cooperative during their discussion; that Hinton walked with him to the garage at the rear of the property; that he was able to see under the garage door which was raised a few inches off the ground; that he observed a motorcycle tire through this gap; that Hinton gave permission for him to search the garage; and that he could not recall whether he or Hinton opened the garage door.
>
> Hinton testified that she informed Myers that she did not reside at [the Wood Street residence] and that she could not consent to a search of the garage. Hinton further testified that: she was in a relationship with [Appellant]; she never gave [Trooper] Myers permission to search the garage; and [Trooper] Myers just opened the garage door without permission. [A second female present] testified that she was present on the porch at the residence and

> heard Hinton tell [Trooper] Myers that Hinton did not live [at the Wood Street residence] and that she could not give him permission to search the garage.

Trial Court Opinion, 11/16/16, at 1-2.

Based upon the foregoing evidence, the trial court credited the testimony of Trooper Myers and determined that the facts known to him at the time justified his belief that Hinton possessed authority to consent to the search of the garage. This assessment finds ample support in the suppression record. Moreover, we note that the testimony introduced by the defense, which does not contradict the Commonwealth's evidence, lends further support to the trial court's determinations. Hinton testified that she was staying at the Wood Street property because renovations were being performed at her residence. N.T. Suppression, 9/22/16, at 59 and 63. In addition, the second female on scene testified that she went to the Wood Street property to see Hinton and that both women were inside the property when police authorities first approached the residence. Id. at 52. Taken together, this testimony supports the trial court's finding that Hinton was an adult resident at the Wood Street home who possessed apparent authority to authorize a search of the premises. Under our standard of review, we perceive no basis for finding that the trial court erred or abused its discretion. Hence, Appellant is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/4/2018