**[J-90-2020] [MO: Saylor, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 8 EAP 2020 |
| | : | |
| Appellee | : | Appeal from the Judgment of |
| | : | Superior Court entered on |
| | : | September 25, 2019 at No. 342 |
| v. | : | EDA 2017 affirming the Judgment of |
| | : | Sentence entered on July 2, 2015 in |
| | : | the Court of Common Pleas, |
| ERIC ROGERS, | : | Philadelphia County, Criminal |
| | : | Division at Nos. CP-51-CR- |
| Appellant | : | 0000721-2013, CP-51-CR-0001717- |
| | : | 2013, CP-51-CR-0005681-2012, |
| | : | CP-51-CR-0007377-2012, and CP- |
| | : | 51-CR-0007563-2012. |
| | : | |
| | : | ARGUED:  October 21, 2020 |

**CONCURRING OPINION**

**JUSTICE MUNDY**                                    **DECIDED:  May 18, 2021**

I join the Majority's holding that the introduction of the victims' prior prostitution convictions was barred by the Rape Shield Law, 18 Pa.C.S. § 3104.  I write separately to address the Majority's conclusion that Appellant did not waive his weight-of-the-evidence claim by failing to properly comply with Pennsylvania Rule of Appellate Procedure 1925(b).

When a trial judge desires clarification of the issues an appellant raises on appeal, the judge may order the appellant to file a statement of errors complained of on appeal ("Rule 1925(b) statement").  Pa.R.A.P. 1925(b).  Rule 1925(b) specifically requires the following:

(ii) The Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge. …

\* \* \* \*

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(4)(ii) and (vii).  *See also Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a Rule 1925(b) statement will be deemed waived.") An issue will also be deemed waived if the Rule 1925(b) statement fails to set forth the issue with sufficient detail.  *Commonwealth v. Parrish*, 224 A.3d 682, 701 (Pa. 2020).

Herein, the trial court ordered Appellant to file a Rule 1925(b) statement, and Appellant complied.  Therein, Appellant sets out his weight-of-the-evidence claim in his 1925(b) statement as:

The verdicts were so contrary to the weight of the evidence as to shock one's sense of justice, where [A.P.]'s, [M.H.]'s and [C.B.]'s testimony was vague, inconsistent and incredible. New trials should have been granted in the interests of justice so that right may prevail, as the fact finder's verdict based upon such testimony was speculative and conjectural.

*Commonwealth v. Rogers*, Nos. CP-51-CR-5861-2012, *et al.*, Final Statement of Errors Complained of on Appeal (C.P. Phila. Apr. 10, 2018), at ¶1.  Appellant did not specify which of the more than three dozen convictions related to the three mentioned victims he believes were against the weight of the evidence.  Appellant also did not explain what portions of, or how, the victims' respective testimony was "vague, inconsistent and incredible."

The Majority does not find the issue waived but, rather, determines "the weight-of-the-evidence claim was readily understandable from context."  Majority Opinion, *slip op.* at 24.  In so finding, the Majority notes Appellant set out his weight-of-the-evidence issue at length in his post-sentence motion and the trial court addressed the issue in its opinion.

*Id.* Relying on *Commonwealth v. Laboy*, 936 A.2d 1068 (Pa. 2007) (*per curiam*), the Majority determines "the trial court had no difficulty apprehending the claim as set forth in the concise statement and addressing its substance." *Id.* However, in *Parish* we found appellant waived all issues on appeal based on his vague 1925(b) statement even though the trial court issued an opinion. *Parish*, 224 A.3d at 700. There we noted that the burden is on the appellant to comply with Rule 1925(b) and not on the trial court to review the record to discern any possible issue appellant may raise on appeal. *Id.*

Deciding if an appellant waives an issue due to a vague Rule 1925(b) statement based on the trial court's decision to author an opinion addressing the issue shifts the focus from an appellant's compliance with Rule 1925(b) to the trial court's ability or willingness to discern an appellant's intent. It also negates the purpose of having a bright line waiver rule for an appellant's failure to comply with Rule 1925(b) as the question of waiver is now a subjective one. Applying the waiver rule subjectively reduces predictability in the appellate process, as appellants do not know if they filed a compliant Rule 1925(b) statement until the appellate court renders a decision. Leaving the question of waiver up to the trial court's decision to address an issue permits trial courts to apply their own standards, which decreases consistency in the appellate process. If the question of waiver is going to be a subjective one where appellate courts look beyond the face of an appellant's Rule 1925(b) statement and consider other parts of the record, such as post-sentence motions and the trial court's decision to address an issue in an opinion, then the bright line waiver rules we set out in *Lord*, *Parish*, and other cases are unnecessary and unfair.[1]

---

[1] *See also Commonwealth v. Butler*, 812 A.2d 631 (Pa. 2002) (Appellant waived all issues due to failure to file a Rule 1925(b) statement) and *Commonwealth v. Castillo*, 888 A.2d 775 (Pa. 2005) (Appellant waived issues raised in an untimely Rule 1925(b) statement).

I agree with the Majority that, under the present circumstances, Appellant's weight-of-the-evidence claim is readily understandable in context. However, I believe this Court should set out an objective standard for when courts should look beyond the face of a Rule 1925(b) statement when determining if an issue is waived.