J-S36023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DIONIA JAMES | : | |
| | : | |
| Appellant | : | No. 336 EDA 2021 |

Appeal from the PCRA Order Entered December 18, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008878-2015

BEFORE:   LAZARUS, J., KING, J., and COLINS, J.[*]

JUDGMENT ORDER BY KING, J.:                    **FILED DECEMBER 10, 2021**

Appellant, Dionia James, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied her first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  On August 26, 2016, a jury convicted Appellant of third-degree murder and possessing instruments of crime, in connection with the stabbing death of her ex-boyfriend.  The court sentenced Appellant on November 9, 2016, to an aggregate 16 to 32 years' imprisonment, plus five years' probation.  This Court affirmed the judgment of sentence on October 16, 2018, and our Supreme

_____

[*] Retired Senior Judge assigned to the Superior Court.

J-S36023-21

Court denied allowance of appeal on February 26, 2019. ***See***

***Commonwealth v. James***, 200 A.3d 566 (Pa.Super. 2018) (unpublished

memorandum), *appeal denied*, 651 Pa. 139, 203 A.3d 208 (2019).

On January 30, 2020, Appellant timely filed a *pro se* PCRA petition. The

court appointed counsel, who filed a motion to withdraw and ***Turner***/***Finley***

"no-merit" letter,[1] on October 14, 2020. On December 18, 2020, the court

issued notice of its intent to dismiss the petition without a hearing per

Pa.R.Crim.P. 907. Appellant did not respond. Prior to the court's entry of a

final order, Appellant filed a *pro se* premature notice of appeal on January 13,

2021. The court denied PCRA relief and let counsel withdraw on January 20,

2021.[2] On February 22, 2021, the court ordered Appellant to file a concise

statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant

did not comply with the court's directive.

As a preliminary matter, we must address Appellant's failure to file a

court-ordered Rule 1925(b) statement. Pennsylvania law makes clear:

> [A]ny issue not raised in a Rule 1925(b) statement will be
> deemed waived for appellate review. ***See Commonwealth
> v. Lord***, 553 Pa. 415, 719 A.2d 306, 309 (1998). Further,
> an appellant's concise statement must identify the errors
> with sufficient specificity for the trial court to identify and

---

[1] ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] Appellant's premature notice of appeal relates forward to this date. ***See*** Pa.R.A.P. 905(a)(5) (stating notice of appeal filed after announcement of determination but before entry of appealable order shall be treated as filed after such entry and on date thereof).

- 2 -

address the issues the appellant wishes to raise on appeal. **See** Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"). This Court [has] explained … that Pa.R.A.P. 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal.

*Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 250 A.3d 468 (2021). **See also** Pa.R.A.P. 1925(b)(4)(vii) (stating that issues not included in concise statement and/or not raised in accordance with rule are waived); *Commonwealth v. Butler*, 571 Pa. 441, 812 A.2d 631 (2002) (holding appellant's failure to comply with PCRA court's order to file Rule 1925(b) statement resulted in automatic waiver of any issues he may have raised on appeal; as issues not preserved for appellate review generally may not be considered by appellate court, Superior Court properly refused to address merits of appellant's waived claims, even though Commonwealth had not briefed or argued Rule 1925 waiver).[3]

_____

[3] We recognize that *Butler* pre-dated the adoption of significant amendments to Rule 1925, effective July 25, 2007, which included a provision to remedy **counsel's** failure to file a court-ordered Rule 1925(b) statement, which constitutes *per se* ineffective assistance of counsel. **See** Pa.R.A.P. 1925(c)(3). Here, however, Appellant was no longer entitled to the appointment of counsel once the court granted counsel's petition to withdraw following the no-merit letter, so the onus was on Appellant to comply with the court's directive. **See** *Commonwealth v. Rykard*, 55 A.3d 1177 (Pa.Super. 2012), *appeal denied*, 619 Pa. 714, 64 A.3d 631 (2013) (explaining that when counsel has been appointed to represent PCRA petitioner and that right has been fully vindicated following grant of counsel's petition to withdraw under *Turner*/*Finley*, court

*(Footnote Continued Next Page)*

Instantly, the PCRA court issued its Rule 1925(b) order on February 22, 2021. The order makes clear that failure to comply with the court's directive will result in waiver of the claims raised on appeal. The certificate of service indicates that the order was served on Appellant at her place of incarceration. Nevertheless, Appellant has not filed a Rule 1925(b) statement. Therefore, Appellant's issues are waived on appeal. *See id.* Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2021

---

shall not appoint new counsel and appellant must look to his own resources for future proceedings).