J-S29015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WESLEY A. TUCKER, | : | |
| APPELLANT | : | |
| | : | No. 62 WDA 2024 |

Appeal from the PCRA Order Entered December 21, 2023
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0000449-2012

BEFORE:  DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                **FILED:  September 17, 2024**

Wesley A. Tucker appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA").  In his brief, he challenges the stewardship of trial counsel and the discretionary aspect of his sentence.  Due to Appellant's failure to file his Pa.R.A.P. 1925(b) Statement as ordered by the court, Appellant waived his issues.  We, thus, affirm the order denying PCRA relief.

Following a trial in July of 2014, a jury convicted Appellant of Rape by Forcible Compulsion, Terroristic Threats with Intent to Terrorize Another, Indecent Assault Without Consent of Other Party, Unlawful Restraint Causing serious Bodily Injury, and Simple Assault.  The court sentenced him to 11½ to 34 years' incarceration.  On appeal, this Court vacated the sentence and remanded for resentencing to reflect the merger of Indecent Assault with Rape for purposes of sentencing.  The court resentenced Appellant on July 6, 2016,

to 11 to 32 years' incarceration. Appellant filed a post-sentence motion challenging, *inter alia*, his sentence as excessive. This Court affirmed Appellant's judgment of sentence and the Supreme Court denied allowance of appeal on July 31, 2018. He sought no further relief. His sentence, thus, became final on October 29, 2018.

On November 4, 2019, Appellant filed *pro se* a timely PCRA petition. On November 20, 2019, Appellant's counsel moved to withdraw his appearance. On November 21, 2019, the court granted counsel's motion and appointed PCRA counsel, directing counsel to file an Amended PCRA Petition or a *Turner*/*Finley*[1] letter within 30 days. On December 2, 2022,[2] appointed counsel filed a *Turner*/*Finley* letter and a Motion to Withdraw as counsel. On November 15, 2023, the PCRA court filed a Pa.R.Crim.P. 907 Notice of Intent to Dismiss without a hearing. The court also indicated it would hold counsel's motion to withdraw until after receiving Appellant's response to the Rule 907 Notice. Appellant filed a *pro se* motion to proceed *in forma pauperis* and an extension to file a response to the court's Rule 907 Notice. The court granted the motion for an extension and Appellant filed a *pro se* Response. On December 5, 2023, the court entered an order granting counsel's motion to withdraw and dismissing the Petition. Following Appellant's motion for

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

[2] The delay of three years is explained by PCRA counsel having filed 15 motions for extension of time to comply with the court's order.

reconsideration, on December 21, 2023, the court entered an order acknowledging receipt of Appellant's Rule 907 response and reaffirming its order dismissing the Petition entered on December 5, 2023.

Appellant filed a timely appeal. On January 24, 2024, the PCRA court ordered Appellant to file of record and serve on the judge a Concise Statement of the Errors Complained of on Appeal, pursuant to Pa.R.A.P. 1925(b), indicating, *inter alia*, that the failure to file the Statement would result in waiver. Appellant sent the Honorable Scott O. Mears, Jr., a Rule 1925(b) Statement but he failed to file it with the clerk of courts. Judge Mears issued a Rule 1925(a) Opinion noting, *inter alia*, Appellant's failure to file the Rule 1925(b) Statement. PCRA Ct. Op., filed 3/7/24, at 2 n.2.

Although *pro se* Appellant raises six issues for our review, we are constrained to find them waived. Our precedential case law provides that the failure to file a court-ordered Rule 1925(b) Statement with the clerk of courts results in waiver of all issues on appeal. ***See Commonwealth v. Butler***, 812 A.2d 631, 634 (Pa. 2002) (applying the holding of ***Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998) to PCRA appeals). An appellant does not satisfy Rule 1925(b) if he merely mails his Statement to the presiding judge. ***Butler***, 812 A.2d at 634. Our review of the record and docket entries reveals that Appellant did not file his Rule 1925(b) Statement as directed. Accordingly, Appellant waived the issues raised in his brief. We, thus, affirm the order denying Appellant's first PCRA petition.

Order affirmed.

President Judge Emeritus Bender joins the memorandum.

Judge King concurs in result.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: **9/17/2024**