# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Abdus Shahid, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 304 C.D. 2024 |
| | : | |
| Delaware County Board of | : | |
| Assessment, County of Delaware, and | : | |
| William Penn School District | : | Submitted: February 4, 2025 |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE STACY WALLACE, Judge (P.)
HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                          FILED:  March 13, 2025


Abdus Shahid (Taxpayer), *pro se*, appeals to this Court from an order of the Court of Common Pleas of Delaware County (Trial Court) entered December 6, 2023, granting the William Penn School District's (District) Motion to Quash Taxpayer's Appeal from Arbitration Award (Motion to Quash).[1]  Because Taxpayer failed to file a Concise Statement of Errors Complained of on Appeal in the Trial Court, as required by Pennsylvania Rule of Appellate Procedure 1925(b),[2] we affirm the Trial Court's Order.

---

[1] Appellees Delaware County Board of Assessment and County of Delaware have not filed briefs in this case.  Rather, each has notified this Court's Prothonotary that they adopt the position of the District.

[2] Rule 1925(b) provides that if a judge entering the order "giving rise to the notice of appeal . . . desires clarification of the errors complained of on appeal, the judge may enter an order

**(Footnote continued on next page…)**

## I. Background

Taxpayer is the owner of a commercial building at 850 Summit Street, Darby Borough, Delaware County (Property). Supplemental Reproduced Record (Suppl. R.R.) at 204b.[3] For the tax year 2021, Appellee Delaware County Board of Assessment assessed the Property's value to be $925,930.00, which represents a 473% increase over the previous year's assessment value of $195,660.00. *Id.* at 44b. Taxpayer filed a *pro se* appeal of the 2021 assessment in the Trial Court on May 21, 2021. *Id.* On November 4, 2022, the Trial Court issued an order listing the Property for a January 26, 2023 arbitration hearing (Arbitration Order). *Id.* at 49b. County employees affirmed that a copy of the Arbitration Order was sent via first-class mail to Taxpayer's home address and that further notice was sent on several occasions via e-mail. *Id.* at 23b, 58-59b. Taxpayer failed to appear at the January 26, 2023 arbitration hearing, and the arbitrators handling the case, deeming the appeal abandoned, made no changes to the 2021 assessment. *Id.* at 28b.

---

directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal[.]" Pa.R.A.P. 1925(b).

[3] Pennsylvania Rule of Appellate Procedure 2156 provides that when "the parties are not able to cooperate on the preparation of the reproduced record as a single document" because of "exceptional circumstances," an appellee "may . . . prepare, serve, and file a supplemental reproduced record setting forth the portions of the record designated by the appellee." Pa.R.A.P. 2156.

Instantly, the District asserts that Taxpayer "never attempted to cooperate with [the District] to produce a Reproduced Record." District's Br. at 12. Meanwhile, the Reproduced Record submitted by Taxpayer to this Court consists of only 12 pages of documents, some of which neither appear in the original record (in violation of Pa.R.A.P. 2154) nor bear any discernible relevance to the matter at hand. For the foregoing reasons, and because the District included no material outside the original record, we determine that its Supplemental Reproduced Record may be relied upon without prejudice to Taxpayer.

On May 18, 2023, Taxpayer filed an appeal of the arbitration award, in which he alleged to have received no notice of the hearing or the award until May 15, 2023. *Id.* at 29b. The District filed its Motion to Quash on June 2, 2023. *Id.* at 31b. In an accompanying brief, the District argued that the 30 days during which a party may appeal from an arbitration award begins when it is entered on the docket and that Taxpayer's appeal, filed 112 days after docketing, was impermissible. *Id.* 37-38b. Taxpayer alleged in a June 13, 2023 response, that counsel representing Darby Borough conspired with employees of the Trial Court to withhold notice of arbitration, an allegation for which no evidence was provided. *Id.* at 73b. In an accompanying memorandum of law, Taxpayer maintained that the District's "frivolous motion has no merit and should be dismissed," but cited no legal authority. *Id.* at 75b. The District issued a reply in which it argued that, under the relevant case law, proof of mailing of a notice of appeal and a complaint raises the rebuttable presumption that the mailed item was received by the intended recipient. *Id.* at 115b (citing *Breza v. Don Farr Moving & Storage Co.*, 828 A.2d 1131, 1136 (Pa. Super. 2003) (holding that an arbitration hearing date's "entry on the docket [is] sufficient to establish" mailing and that "the proof of mailing raise[s] the rebuttable presumption that the mailed item was received")). Mere denial of receipt, the District further argued, was insufficient to rebut that presumption. *Id.* at 116b (citing *Breza*, 828 A.2d at 1136).

At a November 29, 2023 hearing before the Trial Court, Taxpayer maintained that he received no mail from the County regarding arbitration before May 15, 2023, but conceded that he did receive other mail from the County at the same address to which notice of the arbitration award was sent. *Id.* at 210-11b. Taxpayer also claimed to possess evidence that the District agreed to a settlement offer lowering

3

the 2021 assessment amount. *Id.* at 216b. When asked by the Trial Court to present that evidence, Taxpayer only offered copies of the District's Motion to Quash and Taxpayer's response thereto. *Id.* at 216-17b. Taxpayer also moved to admit a copy of an appraisal report drafted in 2021, which estimated the Property's fair market value to be $380,000.00, but the Trial Court declined to admit the appraisal report, deeming it irrelevant. *Id.* at 217-18b; *see also id.* at 92b. In its December 6, 2023 Order, the Trial Court granted the District's Motion to Quash. *Id.* at 161b.

Taxpayer filed an appeal from the Trial Court's order in the Superior Court on December 6, 2023. *Id*. at 162b. In a December 12, 2023 order, the Trial Court directed Taxpayer to provide, within 21 days, a Concise Statement of Errors Complained of on Appeal pursuant to Rule 1925(b). The Trial Court instructed that the statement "shall concisely identify each ruling or error that [Taxpayer] intends to challenge with sufficient detail to identify all pertinent issues for judicial review," that it "must be served upon the court pursuant to [Rule] 1925(b)(1),"[4] and that it "must also be filed of record." *Id.* at 170b.

---

[4] Rule 1925(b)(1) provides:

> *Filing and Service.* The appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record shall be as provided in Pa.R.A.P. 121(a) [governing the method by which papers are to be filed] and, if mail is used, shall be complete on mailing if the appellant obtains a United States Postal Service Form 3817 Certificate of Mailing, Form 3800 Receipt for Certified Mail, Form 3806 Receipt for Registered Mail, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c) [providing that service may be by personal service, postal mail, commercial carrier, facsimile, or e-mail]. Service on the judge shall be at the location specified in the order, and shall be either in person, by mail, or by any other means specified in the order. Service on the parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

In a response titled "Description of Appeal: Issues to be Raised in Appeal to Superior Court" (hereinafter, Rule 1925(b) Statement) Taxpayer alleged that the District, the County, and Darby Borough engaged in "numerous conspiracies" in order to deprive Taxpayer of rental income, which constituted an "extremely outrageous violation" of his civil rights under Pennsylvania law. Taxpayer's Br., Ex. 3 at 1. While the Rule 1925(b) Statement purported to describe 13 separate conspiracies by those parties, it did not identify any errors by the Trial Court. *See generally id.* at 2-8. Additionally, while a copy of the 1925(b) Statement was served upon the judge's chambers, no copy was filed in the Trial Court, and no copy appears in the record.

In a January 9, 2024 order, the Superior Court directed Taxpayer to show cause within 14 days as to why his appeal should not be transferred to this Court. Suppl. R.R. at 187b. With no response from Taxpayer, our sister court transferred the matter in a March 21, 2024 order. *Id.* at 191b. In an April 29, 2024 *per curiam* order, we directed Taxpayer to file an amended brief addressing "the merits of the appeal as well as [Taxpayer's] apparent failure to preserve any issues for appellate review where he did not file his [Rule] 1925(b) Statement as of record." *Id.* at 197b.

In an opinion in support of its Order, the Trial Court notes our Supreme Court's holding that appellants "must comply whenever the trial court orders them to file" a 1925(b) statement and that "[a]ny issues not raised in [the Rule] 1925(b) statement will be deemed waived." *Id.* at 189b (citing *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998)). The Trial Court acknowledged receipt of Taxpayer's Rule 1925(b) Statement and stated inaccurately that it had been "filed . . . on January 4[], 2023." *Id.* Nonetheless, the Trial Court opined that Taxpayer's Rule 1925(b) Statement failed to meet its minimum requirements under the Pennsylvania Rules of

5

Appellate Procedure, as it was focused entirely on alleged actions by the parties rather than the Trial Court's decision. *Id.* at 190b. Thus, the Trial Court determined that "all issues have been waived" and that its findings "should be affirmed on appeal." *Id.*

## II. Discussion

As noted, Rule 1925(b) provides that if a judge who entered an order giving rise to an appeal "desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal." Pa.R.A.P. 1925(b). It is further provided in Rule 1925(b)(1) that the "appellant shall file of record the [s]tatement and concurrently shall serve the judge." Pa.R.A.P. 1925(b)(1).

In *Lord*, our Supreme Court held that, "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a [Rule 1925(b) statement]. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived." 719 A.2d at 309. In *Commonwealth v. Butler*, 812 A.2d 631, 633 (Pa. 2002), the Court described its *Lord* holding as the elimination of "any aspect of discretion" and the establishment of "a bright-line rule for waiver." The Court subsequently explained that the so-called *Lord/Butler* rule

> remains necessary to [e]nsure trial judges in each appealed case [have] the opportunity to opine upon the issues which the appellant intends to raise, and thus provide appellate courts with records amen[]able to meaningful appellate review . . . This firm rule avoids the situation that existed prior to *Lord* where trial courts were forced to anticipate which issues the appellant might raise and appellate courts had to determine "whether they could conduct a 'meaningful review' despite an appellant's failure to file a [Rule] 1925(b) statement or to include

6

certain issues within a filed statement." *Butler*, 812 A.2d at 633. Moreover, the system provides litigants with clear rules regarding what is necessary for compliance and certainty of result for failure to comply.

*Commonwealth v. Castillo*, 888 A.2d 775, 779-80 (Pa. 2005). In *Castillo*, the Court also expressed its "disapproval of prior decisions of the intermediate courts to the extent that they have created exceptions to *Lord* and have addressed issues that should have been deemed waived." *Id.* at 780.

Instantly, the Trial Court issued an order on December 12, 2023 directing Taxpayer to serve *and file*, within 21 days, a Rule 1925(b) statement "concisely identify[ing] each ruling or error that [Taxpayer] intends to challenge with sufficient detail to identify all pertinent issues for judicial review." Suppl. R.R. at 170b. Because Taxpayer never filed his Rule 1925(b) Statement with the Trial Court, this Court directed him to file an amended brief addressing, *inter alia*, his "apparent failure to preserve any issues for appellate review." *Id.* at 197b. In his Brief to this Court, Taxpayer offers the following explanation: "[The o]pinion of [the Trial Court] said [Taxpayer] did not respond to [the Trial Court's] order within 21 days after receiving this order pursuant to Pa.R.C.P. 1925(b)[.] . . . This is not true. I gave [a] response within 10 days after getting [the Trial Court's] order by mail to my home address." Taxpayer's Br. at IX. As "[p]roof" of the above assertion, Taxpayer attaches to his Brief a copy of the Trial Court's December 12, 2023 order and the envelope in which a copy was mailed to Taxpayer. Taxpayer asserts that he thereby "followed Pa.R.C[iv].P. 1925(b)," and that the "opinion of [the] lower court has no merit and should be denied." *Id.* at 14.

We disagree with Taxpayer, whose assertions contain a misstatement of the Trial Court's position. The Trial Court never alleged that Taxpayer failed to respond to its order; to the contrary, the Trial Court acknowledged receipt of Taxpayer's Rule

7

1925(b) Statement. It is precisely the issue of his failure to *file* his Rule 1925(b) Statement that this Court directed Taxpayer to address, but that discrepancy is not accounted for or even mentioned in his Brief. Thus, Taxpayer fails to provide this Court with any reason that his issues on appeal should not be deemed waived in light of his failure to meet Rule 1925(b)'s minimal requirements. As harsh as this result may seem to a self-represented litigant, one of the most fundamental aspects of participating in litigation is that court orders must be complied with, and the court cannot overlook this failure.

Even if this Court overlooked Taxpayer's failure to comply with those fundamental requirements and considered his Rule 1925(b) Statement on its merits, Taxpayer would still not prevail. He fails to substantiate in his unfiled Rule 1925(b) Statement how the Trial Court erred in granting the District's Motion to Quash. As the Trial Court correctly observed, Taxpayer devotes the entirety of the Rule 1925(b) Statement to various, unsubstantiated factual allegations against the District, Darby Borough, and the County. In other words, Taxpayer simply offers no legitimate reason for asking us to conduct appellate review of the decision below.

For all of the above reasons, we affirm the Trial Court's Order.

_____
MATTHEW S. WOLF, Judge

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abdus Shahid,        :
           Appellant     :
       :
       v.        :   No. 304 C.D. 2024
       :
Delaware County Board of        :
Assessment, County of Delaware, and   :
William Penn School District        :

# O R D E R

AND NOW, this 13th day of March 2025, the Order of the Court of Common Pleas of Delaware County in the above-captioned matter, entered December 6, 2023, is hereby AFFIRMED.

 

                 _____

                 MATTHEW S. WOLF, Judge